AUREND v. SCHROEDER, Admr.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1978. Decided Feb. 6, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

118. AUTOMOBILES—123. Bailments—54. Agency.

1. Bailee of automobile bears same relation thereto as owner thereof.

2. Where such bailee invites friend to ride with him and drive for him, such friend becomes bailee's agent, and bailee is responsible for negligence of such agent.

(Continued on Page 148)

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

#### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in Advance ...................................... $15.00

Discount for advance payment $3.00, making the net price ...................................... 12.00

Including Quarterly Digest, to paid subscribers, no extra charge.

Including Binding of Weekly Parts at end of year, if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ............................... .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

#### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

#### STAFF

Sam H. Torrey.....................Circulation Manager

Jay F. Laning.......................Business Director

Sheldon R. Laning...................Editorial Director

---

(Continued from Page 147)
Error to Common Pleas.
Judgment affirmed.

Tracy, Chapman & Welles, Toledo, for Aurend.

Lee H. Schmick, Toledo, for Schroeder.

STATEMENT OF FACTS.

On the night of Nov. 17, 1925, Aurend rented a Willys-Knight automobile of The Rentacar Company. He had never driven and did not know how to operate an automobile. A friend, Mr. Kaucher met him at the place of business of Rentacar Company, and, without anything being said by either of them, both got into the automobile, Kaucher proceeding and continuing to drive it. Aurend testified that "I left it, the driving was entirely up to him. I did not tell him how to drive or where to go." About midnight, when they were returning to the Rentacar garage, Kaucher remarked that they might be running out of gasoline, and, while on the way to a gas station, they collided, at Collingwood and Central Avenues, with an automobile owned and driven by Leonard R. Spencer. Spencer died, as a result of injuries received in this collision, and defendant in error, as administrator of his estate, commenced an action in the Common Pleas to recover damages for his death, caused, it was alleged, by the negligence of Kaucher who acted as and was the agent of Aurend in driving the automobile which the latter had rented from the Rentacar Company. The trial resulted in a verdict and judgment of $3,500, in favor of the plaintiff. Aurend seeks to reverse this judgment on the sole ground that the trial court refused to direct a verdict in his favor. He claims that the evidence failed to prove that Kaucher, in driving the automobile, acted as his agent.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LLOYD, J.

In our opinion Aurend, as the bailee of the automobile, bore the same relation thereto as if he had been the owner thereof. There is no evidence that he rented the automobile for Kaucher or that he, in any way, surrendered the control thereof incident to such ownership. On the contrary, he invited or permitted his friend to ride with him and to drive the automobile.

This is not a case of a person borrowing an automobile for purposes of his own and thereafter inviting the owner thereof to accompany him as a passenger or guest, nor a case where a member of the owner's family, with permission of the owner, uses the latter's car for his own pleasure or upon his own business, the owner accompanying him but having no control over the automobile, its operation or use. The mere fact that Aurend could not operate an automobile made it none the less his automobile for the time being. He had the power to direct Kaucher where to go or to stop the car, had he so desired.

If, under the facts in evidence, a person could relieve himself of responsibility for injuries resulting from the negligence of one selected or permitted by him to drive his automobile, then the easiest way for one desiring to enjoy an aimless pleasure ride, to avoid liability for the possible negligent operation of his automobile, would be, always, on such occasions, to permit some person competent to drive it, but financially irresponsible, to operate it for him.

Finding that the trial court did not err in the respect charged, the judgment is affirmed.

(Richards and Williams, JJ., concur.)