## PENNSYLVANIA RAILROAD CO v SKINNER

Ohio Appeals, 6th Dist, Huron Co

No 287.   Decided Oct 17, 1932

King, Flynn & Froman, Sandusky, for plaintiff in error.

Young & Young, Norwalk, for defendant in error.

WILLIAMS, J.

There were several grounds of negligence alleged against the defendant company, but we shall not discuss them, as we are of opinion that the decision of this case turns upon the question whether or not the plaintiff was guilty of contributory negligence as a matter of law.  As Irene Hohler

was driving the car for the plaintiff, who was the owner of it, with his assent and he was riding in it, she was his agent and he would be bound by her negligence. Under these circumstances, did the court below err in refusing to direct a verdict in favor of the defendant company at the conclusion of all the evidence?

The General Assembly has, by amendment, incorporated in §12603, GC, effective July 21, 1929, the following provision:

"No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear dsitance ahead."

As to the question whether or not a violation of this portion of the section constituted negligence per se, in the case of **Curtis v Hubbel, 38 Oh Ap, Sixth District, unreported, p. 386 (12 Abs 646)** this court, after quoting the same passage, used the following language with reference thereto:

"The purpose of the above quoted portion of §12603 GC is obvious and its language is explicit. It applies generally to all drivers of automobiles, whether using the highways of the state in the night season or in the daytime, and requires that the speed of the automobile shall at all times be such as to permit the driver to stop it within the range of his vision. * * * * *

Our attention has not been called to any Ohio authorities which discuss that portion of §12603 GC which we have been here considering. In Michigan a statute containing this same provision was enacted in .1927 (§5, Title 3, page 584, Public Acts, Michigan, 1927) and it was retained in the amending statute passed in 1929 (§4697, §5, Comp. Laws of Michigan, 1929, page 1850).

In Bowmaster v DePree Co., 252 Mich., 505, the third syllabus is:

'Automobile driver, who, on snowy, windy day, drove his car at greater speed than permited him to bring it to a stop within assured clear distance ahead, in violation of 1 Comp. Laws, 1929, §4697, resulting in collision with truck standing on right side of road, was guilty of negligence as matter of law.'

At page 512 of the opinion, the court says:

'The defendant was driving his automobile upon the highway at a speed greater than permitted him to bring it to a stop within the assured clear distance ahead, in violation of the plain provisions of the statute, and we think was guilty of negligence as a matter of law.'

There is no ambiguity in the language used by the legislature in §12603 GC. The evident and unmistakable purpose was to compel every one driving a motor vehicle upon any of the highways of the state to respect the rights of others also lawfully using them. Its strict observance would prevent not only loss of life but also daily occurring injuries to person as well as property, which in number seem rather to increase than to diminish."

The same statutory provision was also under consideration in the case of **Morr v Merkle, 39 Oh Ap, Sixth Dist, unreported, p. 18 (13 Abs 42)** decided September 30, 1932, and at that time this court also had under consideration the same provision of the statute, and in discussing the validity of the charge by the trial court to the effect that the violation of this part of §12603 GC would constitute negligence per se, used the following language:

"The court was right in so charging as to the violation of that part of the section last quoted (referring to the provision under discussion). That part of the section imposed a specific requirement to omit to do a definite act, while the other part thereof, which refers to speed, relates to a rule of conduct."

In that case it was pointed out that where a penal statute enacted in the interest of public safety imposes a specific requirement to do or omit to do a definite act and does not merely prescribe a rule of conduct, a violation of it constitutes negligence per se. We have again considered this question and adhere to the position we have formerly taken.

We have also considered the question whether negligence by reason of violation of this section directly contributed to produce plaintiff's injuries should have been submitted to the jury. We are constrained to hold that it should not and that the plaintiff was guilty of contributory negligence as a matter of law by reason of the violation of this statutory provision by his agent. The causal connection between such violation and the collision is so close that we hold it a matter of law for the court and not a question of fact for the jury.

This is in accord with recent decisions of the Supreme Court:

**Railroad v Rohrs, 114 Oh St, 493;**
**Railroad v Hughes, 115 Oh St, 562.**

Being of the opinion that the trial court should have directed a verdict for the defendant, this court reverses the judgment of the trial court and renders final judgment in favor of the plaintiff in error.

LLOYD and RICHARDS, JJ, concur.