

WILLIAMS, J.

Graves & Duff, Port Clinton, Marshall, Melhorn, Marlar & Martin, Toledo, and Stahl, Stahl & Stahl, Fremont, for plaintiff in error.

Doyle & Lewis, Toledo, and Harry Garn, Fremont, for defendants in error.

## LOGUE v ROUSE

Ohio Appeals, 6th Dist, Sandusky Co

No 259. Decided November, 1932

WILLIAMS, J.

We find no error apparent upon the face of the record except in the charge of the court. The court charged the jury as follows:

"There was no evidence that the plaintiff, Mrs. Rouse, had anything to do with the operation, management and control of the Rouse car at the time and place in question, and in such circumstances, even though she may have owned the car, yet she could not be charged with any negligence of which her husband may have been guilty, if any, in his operation, management and control of the car."

The court also charged as follows:

"The mere relation of husband and wife does not make the plaintiff responsible for the negligence of her husband, if he was guilty of any, and there is no evidence that the plaintiff had anything to do with the control, management or operation of the car, and the mere fact, if it be a fact, that she may have been the owner of the car does not make her thus liable unless she had some part in the actual control and operation of the car at the time."

In effect the court instructed the jury that the plaintiff was a mere guest in the car driven by her husband, that there was no evidence tending to show that the husband was the wife's agent and that under no circumstances could the negligence of the husband be attributed to the wife.

On direct examination plaintiff testified:

"Q. Just a question or two. Who owned this car? A. I bought the car.

Q. And did you own it at the time? A. Yes, sir."

On cross-examination plaintiff testified:

"Q. As I understand in this connection, you and your husband were combining a business and pleasure trip? A. That is right.

Q. Now, on this trip, did you observe the speed your husband or rather the automobile took on trips between cities? A. I don't like to drive fast and I consider over 35 miles an hour fast driving and I would not permit any one to drive fast.

Q. And you watched the speedometer? A. Yes, sir.

Q. And when you saw the speedometer about 35—? A. I would tell my husband about it.

Q. And then when you told him he would slow down? A. But I didn't have to caution him for he doesn't drive over thirty-five, for he knows I would not have him drive faster and he would not."

Plaintiff's husband, on direct examination, testified:

"Q. Now tell the jury to who this car belonged?

A. Belonged to Mrs. Rouse.

Q. To whom? A. Mrs. Rouse.

Q. To whom was the bill of sale issued to this car?

A. Mrs. Rouse.

Q. And what did she do with it after she purchased it and took the bill of sale? A. She gave it to me as a birthday present.

Q. Did she ever give you a bill of sale? A. No."

It appears that the plaintiff had never driven the automobile, although she had a learner's license which had been issued in the State of New York.

The foregoing is substantially all the evidence contained in the record bearing upon the matter at hand.

In the case of **Pennsylvania R. R. Co. v Skinner, 39 Court of Appeals Opinions, Sixth District, unreported, p. 62, (13 Abs 59)**, decided October 17, 1932, this court held that where the owner was riding in his own automobile and at the time another was driving it for him with his assent, the relation of principal and agent existed between the owner and driver as a matter of law, and that the owner would be bound by the driver's negligence; but in that case the owner had been driving the car during the trip and for his own purposes voluntarily yielded the wheel to his companion. We are still satisfied with the conclusions reached in that case, but it must be borne in mind in weighing the

language employed in the opinion, as is always the case, that what is said therein is to be interpreted in the light of the fact in that particular case.

It is a well-recognized principle of law that the mere circumstances of the presence of the owner in his automobile which is driven by another does not ipso facto make the driver the agent of the owner of the car. Such a fact however, is one that should be considered in determining the question of agency.

Leeb v Bahnmaier, 109 Kans., 599; 176 Pac., 326; 2 A.L.R., 833;

Rodgers v Saxton, 305 Pa., 479; 158 Atl., 166; 80 A.L.R., 280.

There are interesting and instructive annotations to be found in 2 A.L.R., 386 and 80 A.L.R., 285.

It is manifest that situations may arise in which the owner is riding in his own car while it is driven by another who is not his agent. A notable instance of this character is one in which the owner has entrusted the car to another as a bailee under an express or implied contract of bailment.

In the instant case different minds might reach different conclusions as to whether the automobile driven by Mr. Rouse was being operated by him under the direction and control of his wife or under his own. It was a disputed question of fact under the evidence adduced whether or not Mrs. Rouse was in law the owner of the car and whether or not it had been given by her to her husband. A determination of the question whether or not there had been a gift from wife to husband, the alleged gift having been made, if at all, by word of mouth, would depend upon the conversation which was the basis thereof. The statement of either to the effect that a gift had taken place would be a mere conclusion of law.

This court holds that there was some evidence in the record tending to show agency between husband and wife at the time in question in the operation of the car and the court therefore erred in charging the jury as a matter of law that such agency did not exist.

For the error in charging the jury as specified, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

LLOYD and RICHARDS, JJ, concur.