Municipal Court of East Liverpool.

HAROLD A. POOLE V. ELROY WINGETT, ET AL.

Decided January 4, 1933.

*Charles Boyd,* for plaintiff.
*W. S. Stevenson,* for defendants.

BROKAW, J.

In this case the plaintiff Harold A. Poole, sued the defendants Elroy Wingett and Victor C. Reed, jointly for the sum of two hundred dollars ($200.00), which he claims as damages growing out of an automobile accident which happened within the limits of the city of East Liverpool, Ohio, on the fourth day of September, 1932.

The case was tried to the court without a jury, and the facts are substantially as follows: "The plaintiff Poole was driving southward on St. Clair avenue, near the Riverview Cemetery and proceeding upon the right hand side or west side of the road. The defendants Wingett, Reed and another companion were proceeding northwardly upon the said St. Clair avenue and while approaching the plaintiff at a rapid rate turned suddenly to the left and to the left hand side of the road or west side of the

road; then while the two machines were rapidly approaching each other upon the west or same side of the road, the plaintiff turned his machine quickly to the left or east side of the road, the defendants also turned their machine to the east or the same side and a collision resulted causing some damage."

The defendant Elroy Wingett was the owner of the machine driven by the defendants but at the time it was operated by the defendant Victor C. Reed. The defendants both deny liability upon the ground that the plaintiff was negligent in leaving the right hand side of the road and going over to the left upon the approach of their vehicle. The question arises in the mind of the court as to whether the circumstances as shown in the evidence were sufficient to cause a reasonable man to turn out and cross to the left hand side or wrong side of the road.

The case of *Beeson* v. *Criss,* 7. O. A. R. Page 482, lays down what we deem to be the rule in Ohio. The second syllabus of that case reads as follows: "Where the driver of an automobile traveling east on the south side of the road sees another machine coming from the opposite direction on the same side of the road, and fearing that the approaching machine will not turn out of his way, the driver of the first machine himself turns to the north, and in so doing causes a collision, the question whether he was negligent in so doing was for the jury, and a charge is erroneous which instructs them that, if the driver of the first-named car in the exercise of ordinary care believed it was dangerous for him to continue on the side where he belonged, his judgment in that matter controlled and he is relieved of negligence notwithstanding his action in turning to the north was a mistake." In other words the question is for the jury and in the absence of the jury for the court as to whether plaintiff was negligent.

The proper test seems to be, not what the hard and fast rules of the road are, but what would a reasonable man do under the circumstances. The case just cited seems to be the only case in Ohio upon this point. It has however been cited in the note to the case of *Cupples Mercantile Company* v. *Bow,* 24 A. L .R. on page 1305. The note

to said case in A. L. R., on page 1304, seems to cite the prevailing rule and reads as follows: "It is generally held that a traveler on the highway is bound to exercise ordinary care under all circumstances, and that the so-called law of the road, established by common law or statute, is not an inflexible hard and fast rule, the violation of which will necessarily render the offender guilty of negligence, or contributory negligence, but, if ordinary care so dictates under the circumstances, he may, in order to avoid an obstruction, or person, or another vehicle, turn in violation of the ordinary rule of the roads."

This rule as laid down in the note to the A. L. R. case is supported by many decisions from a number of different states. Therefore, the court comes to the conclusion that in this particular case, in view of the fact that the two machines were coming toward each other at a rapid rate, the plaintiff was justified in believing that he was in imminent peril and could cross to the left hand side of the road without being deemed guilty of contributory negligence.

The second point is, whether under the circumstances Elroy Wingett the owner of the automobile can be charged with negligence in the operation of the machine, which was driven by the defendant Victor C. Reed. It appears from the evidence that Victor Reed was intoxicated; that he was intrusted with the driving of the automobile by Elroy Wingett, the owner, who knew that he was intoxicated. Reed started to drive the said automobile near the diamond in East Liverpool, approximately one and one-half miles south of the place of the accident and Wingett sat in the seat beside him while the automobile was driven and at the time of the accident. It was not shown that Wingett was intoxicated, but the evidence shows conclusively that Reed, the driver, was intoxicated and pleaded guilty to the charge of driving while intoxicated soon after the time of the accident.

Under the circumstances of this particular case we believe that Wingett, the owner of the automobile, is chargeable with the negligence of the driver, Victor C. Reed. In this connection we wish to cite the case of *Elliott* v. *Harding*, 107 O. S.. 501. The syllabus reads as follows:

"1. While an automobile is not a dangerous instrument *per se*, it may become such if operated by one who is unskilled in its use; and, where the owner intrusts such a machine to an inexperienced or incompetent person, liability for damages may arise.

"2. Where a father intrusts his automobile to his son, a youth of fourteen years, unaccustomed to its use, for purposes wholly apart from any business or enterprise of the father, the question of competency is one for the jury under proper instructions.

"3. In such case the liability of the owner would not rest upon ownership or agency, but upon the combined negligence of the owner and driver; negligence of the father in intrusting the machine to an incompetent driver, and negligence of the son in its operation."

Its true that the case just cited turns upon the question of minority but the language used in the syllabus leads this court to believe that the same principle should apply in the case of any other class of incompetent drivers. The defendant Reed was drunk. The defendant Wingett knew that he was drunk when he intrusted the driving of the machine to him. An intoxicated person is surely an incompetent driver.

Another case which throws light upon the situation is the case of *Aurent* v. *Schroeder, Admr.*, 32 O. A. R., 35. The syllabus of that case reads as follows: "One renting an automobile, which, without surrendering the control thereof, he invites a friend accompanying him to drive, held liable for death of another automobilist in collision caused by such friend's negligent driving, as against contention that he was acting as bailee's agent; bailee's relation to car being same as that of owner though he could not operate automobile."

In this case it is not held that the driver was incompetent or unskilled in the driving of the automobile, but the lessee is held responsible nevertheless and the court says that the holding is upon the same principle as if he were owner.

Still a third case dealing with the situation is found in the Ohio Law Abstract under date of December 24, 1932. The case of the *Pennsylvania Railroad Company* v.

*Skinner.* The first syllabus of that case reads as follows: "The owner of an automobile who is riding in it while being driven by another with his consent is chargeable with the negligence of the driver so as to be precluded from recovery for injuries caused by the negligence of a third person."

It is true that in this latter case the owner of the machine was chargeable with contributory negligence, but we think the same principle applies.

In the opinion of the court the negligence of the defendants in crossing to the left hand side of the road was the direct and proximate cause of the injury and further that the plaintiff was not guilty of contributory negligence under the circumstances of the case. The holding of the court will be that the plaintiff is entitled to recover, that the amount of the recovery will be one hundred thirty dollars ($130.00), for which amount judgment is accordingly rendered against both defendants.