Strouse et al., Admrs., Appellants, v. The Baltimore & Ohio Rd. Co., Appellee.

(No. 1086—Decided October 31, 1944.)

*Miss Marie S. Schaffter* and *Messrs. Weimer & Miller,* for appellants.

*Messrs. Harrington, Huxley & Smith* and *Messrs. Starn & Etling,* for appellee.

DOYLE, J. This is an action of tort to recover for personal injuries and property damage received by appellants' intestate on December 18, 1940, in Wayne county, Ohio, through the alleged negligence of the Baltimore & Ohio Railroad Company in the operation of its business. The question of law to be determined relates to the right of the trial court to decide as a matter of law, as it did, upon the pleadings and opening statement of counsel, the nonliability of the railroad company to this appellant.

The petition relates that the decedent was the owner of and a passenger in an automobile operated by her husband when it was struck by appellee's train at a grade crossing.

The opening statement of appellants' counsel in part was:

"We expect the evidence to show that this woman was a passenger in the automobile that her husband was driving, that he was not her agent; that they were going to their home from visiting; that they were going on a trip they were required to make; that they drove up to the track, stopped and looked, and started on, but the train approached at a speed of about seventy miles or eighty miles per hour, and before they could get their vehicle across the tracks they were struck * * *."

The trial court in directing a verdict for the defendant at the conclusion of the opening statement of counsel, apparently concluded as a matter of law that the fact of ownership of the automobile in the wife, coupled with her presence in the car operated by her husband, was sufficient to establish the husband's agency, and that therefore any negligence of the husband was in law her negligence, under the rule of *respondeat superior*.

In our consideration of this case, examination has been made of the record to determine whether the charge made against the railroad is sufficient, if proved, to require the submission of the issue of negligence to a jury.

We are of the opinion that it is sufficient.

Consideration has likewise been given to the question of the decedent's contributory negligence as a matter of law, if she is not charged with responsibility for the negligence of her husband under the rule of *respondeat superior*.

We are of the opinion that the pleadings and opening statement of counsel do not establish such fact.

Concluding as we do the foregoing, attention is next

directed to the question of agency. Do the facts, pleaded and stated, make the husband-driver the decedent's agent as a matter of law? A ruling on this question we determine to be decisive of the appeal to this court by the plaintiff below.

The rule stated in 5 American Jurisprudence, Automobiles, Section 354, has been generally followed, not only in this state but throughout the country. It is:

"* * * A husband driving his wife's automobile, even with the wife present, may be presumed, in the absence of evidence to the contrary, to be in control of the car and solely responsible for its operation. * * *"

And, see, *Rodgers* v. *Saxton*, 305 Pa., 479, 158 A., 166, 80 A. L. R., 280.

The negligence of a driver of an automobile cannot be imputed to the passenger even though the passenger is, the owner of the car and the wife of the driver. Such passenger can only be held liable for the driver's negligence when the relationship of principal and agent, or master and servant, exists, under the rule of *respondeat superior*. And in this connection it will be observed that the petition and opening statement specifically allege a relationship of non-agency.

To state the rule conversely, a passenger in an automobile is not precluded from recovering against a negligent third party unless such passenger's negligence proximately contributes to her own injuries, or unless, under the rule of *respondeat superior,* she becomes liable for the negligence of the driver which proximately causes or contributes to the causing of the injury.

The liability of a negligent third person under such circumstances must be governed by the rules appli-

cable to the care required of a passenger for her own safety and to the rules applicable to the relationship of principal and agent or master and servant. *Logue* v. *Rouse*, 47 Ohio App., 476, 192 N. E., 136.

Judgment reversed and cause remanded.

*Judgment reversed.*

STEVENS, P. J., and WASHBURN, J., concur.