## Standard Oil Company of Kentucky v. Thompson.

(Decided December 10, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1.   Highways—Operation of Motor Truck—Instructions.—The inclusion in an instruction that among the duties of a chauffeur op-

erating a truck were those of running his truck at a reasonable rate of speed and having it under reasonable control was erroneous. where there was no proof that the truck was not being so operated.

2. Negligence— Comparative Negligence — Instructions — Excepting in cases arising under the Federal Employers' Liability Act, the doctrine of comparative negligence has never been enforced in this state and an instruction on comparative negligence, given in lieu of one on contributory negligence, is erroneous.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY for appellant.

ROBERT L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

The correctness of the instructions, those given and refused, is the sole question involved on this appeal. This action was instituted to recover damages for personal injuries to appellee, and for repairs made necessary to his automobile by reason of a collision with appellant's truck. The accident happened about 12:30 p. m., January 11, 1919. Appellant's truck was moving eastwardly along the Shelbyville pike. Appellee, who had been an invalid for some time, was riding in his automobile with his wife. She was operating the machine. They were going north on Brown's lane, which intersects the Shelbyville pike on the south, at a point east of St. Matthews. There was nothing to obstruct the views of the operators of either machine. Mrs. Thompson testified that as she approached the Shelbyville pike she saw the truck which was in the middle of the road, and as she turned to her right westbound the truck turned in the same direction forcing her back to her left or to the south side of the pike. The driver of the truck again turned to his right or to the south of the road and the cars collided. Fortunately no one was seriously injured. The jury awarded appellee a verdict of $740.71, the exact amount of the repairs to the automobile, thus indicating that probably nothing was allowed for personal injuries.

Appellant's counterclaim for repairs to its truck, made necessary by the collision, was dismissed.

The instructions given by the court, Nos. 1 and 3, are complained of. No. 1 is as follows:

"1. As to the claim of Doctor Thompson against the Standard Oil Company:

"It was the duty of Gilbert, driving the truck of the Standard Oil Co. as he approached Brown's Lane to exercise, in the management of the truck, ordinary care to avoid collision with any other vehicle, and that duty included the duties of:

"*Running his truck at a reasonable rate of speed.*

"*Of having it under reasonable control.*

"Of keeping to his right, or the south side of the Shelbyville pike.

"If you believe from the evidence that Gilbert failed to observe any one or more of these duties, and by reason of such failure, he caused or so far helped to cause the collision, as that it otherwise would not have occurred, and Doctor Thompson's machine was damaged or he himself was thereby injured, then you will find for the plaintiff against the Standard Oil Company.

"But unless you so believe from the evidence you will find for the Standard Oil Company."

This instruction is criticised, (a) because the court included among the duties the driver of appellee's truck should exercise in the operation thereof those of "running his truck at a reasonable rate of speed" and "of having it under reasonable control."

The ground of this criticism is there was no such issue before the jury as there was no proof that the truck was not being operated at a reasonable rate of speed, nor that the driver did not have it under reasonable control. This point is well taken, and inasmuch as the case must be reversed on another ground it would be well upon a retrial, in the absence of evidence on these two propositions, to omit the italicized words from the instruction.

As to the third of the duties included, to-wit: "keeping to his right or to the south of the pike," there is no complaint, because appellant recognizes this was one of the duties its chauffeur was compelled to perform, (b) It is said the instruction is too general in that the expression, "and that duty included the duties of" led the jury to believe that appellant's duties included those other than the ones mentioned. While it might have been better had the court specifically instructed the jury it was the duty of appellant's chauffeur to keep to the south side of the pike and to exercise ordinary care to avoid a collision, we think this was in substance what the court said, nor did it allow or authorize the jury to go too far afield. Appellant's chauffeur was, of course,

under the duty to exercise ordinary care to avoid a collision, and one of the elements of this care was to keep to the right of the road. This part of the instruction is not subject to the criticism made.

Instruction No. 2 is not complained of. It has reference to appellant's counterclaim.

No. 3 is as follows:

"3. If you believe from the evidence that Gilbert, driving the Standard truck failed to observe any one or more of the duties mentioned in the first instruction and that Mrs. Thompson, driving Dr. Thompson's machine, failed to observe any one or more of the duties mentioned in the second instruction, and that the failure of the one concurred in approximately equal degree with the failure of the other to produce the collision, then you will find for the Standard Oil Co. on Dr. Thompson's claim against it, and for Dr. Thompson on the Standard Oil Co.'s counterclaim against him."

The objection to this instruction is that it submitted a theory of comparative negligence, a doctrine which has never been in force in this state, excepting only in cases arising under the Federal Employers' Liability Act. In other words, appellant contends it was deprived of an instruction on contributory negligence, to which it was justly entitled, the court having undertaken to substitute an instruction on comparative negligence for one on contributory negligence.

As said in Mann Bros. v. City of Henderson, 154 Ky. 154, 156 S. W. 1063:

"Where the defendant has been negligent and the plaintiff has also been negligent, and by reason of their negligence the plaintiff has suffered a loss, the law does not stop to inquire which was the more negligent; but the general rule is that if the loss would not have happened but for the negligence of the plaintiff, he can not recover."

To the same effect is C. & O. Ry. Co. v. Conley, 136 Ky. 601, 124 S. W. 815, wherein it is said:

"It is true the law of contributory negligence takes cognizance of the negligence of each of the actors. It does not measure or weigh the degree of negligence in each as by comparison. It merely holds that when the plaintiff's own negligence so far contributed to the happening of the event that if he had not been negligent the other's negligence would have been harmless to him, then he ought not to recover."

Such is the case here. Appellant tendered an instruction on contributory negligence and it was entitled to have this defense submitted to the jury. This could either have been incorporated in the first instruction or submitted in a separate instruction, the latter being the practice usually followed.

Upon the return of the case the court should submit this plea in some form, because if appellee at the time of receiving his injuries or the damage to his automobile contributed to his injuries to such an extent that but for it he would not have been injured he cannot recover.

Appellee is chargeable with the negligence of his wife, who was his agent in the operation of his automobile at the time of the collision.

For the reasons given the judgment is reversed for further proceedings consistent herewith.