## Blackburn v. Cornette.

(Decided June 24, 1927.)

### Appeal from Muhlenberg Circuit Court.

1. Municipal Corporations.—Whether truck driver, who injured plaintiff seated on sidewalk near garage doors, was negligent when driving into garage, held question for jury.
2. Trial.—In action for injury by motor truck, instruction that the defendant had duty of keeping automobile under reasonable control, where there was no evidence showing that the truck was not under control, held not prejudicial error, since there was no question but that the defendant did have the truck under control.
3. Trial.—Where it was contended that the court permitted evidence in chief when only rebuttal evidence was competent, plaintiff's evidence that it was necessary to remove bandages held proper rebuttal evidence, where defendant had introduced evidence to

prove that the condition of plaintiff's arm was due to the removal of the bandages instead of the automobile accident.

WILKINS & SPARKS for appellant.

T. O. JONES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee recovered a judgment for $1,547 on account of personal injuries he received when he was run over by an automobile truck owned and driven by the appellant. To reverse that judgment this appeal is prosecuted.

Three grounds are relied on for reversal: (a) Error of the court in refusing the appellant a peremptory instruction; (b) error in instruction No. 1; and (c) error in permitting the appellee to introduce evidence in chief when only rebuttal evidence was competent.

The facts are these: The appellant is engaged in the transfer business in Central City. His garage is located on one of the principal streets in that city, and entrance to this garage, which is built flush with the property line that abuts on the sidewalk, is obtained by a driveway leading from the street across the sidewalk. Near the curb, the appellant maintains a gasoline pump with a tank in the ground. The appellee was a chauffeur for the Gulf Refining Company, and on the morning of the accident he was delivering to appellant a quantity of gasoline. He had driven his tank wagon to the gasoline pump of appellant, had attached a hose leading from the tank wagon to the pipe connected with the tank in the ground and had turned the gasoline into the tank. It seems it takes about 15 or 20 minutes to fill the tank in question. While appellee was waiting for the gasoline to run from the tank wagon into the tank in the ground, he procured a newspaper from the office of appellant and then sat down on a bench or settee belonging to appellant, and which was situated on the sidewalk in front of appellant's place of business and just a little to the side of one of the doors of the garage. While he was sitting thus reading the paper, the appellant had occasion to take his Ford truck, equipped with a flat body with standards on the sides, out of the garage and down to the depot for the purpose of transporting a trunk from the depot to the hotel. Appellee saw appellant leave, and then became

engrossed in reading his paper. After appellant had delivered the trunk, he returned to the garage. He said he saw appellee seated on the settee reading the paper, but, judging him to be in a place of safety, he gave no signal that he was about to drive from the street across the sidewalk into the garage as he did. Appellee testified that he did not hear appellant coming across the sidewalk into the garage nor did he know that appellant was so doing until he was struck by appellant's machine. It seems that the front part of the truck safely passed the appellee, but some part of the rear portion of the truck struck appellee in the side, and he was thereby thrown under the rear wheel of the truck, which ran over and broke his arm.

Under these facts, it is obvious that the appellant was not entitled to a peremptory instruction. Knowing as he did that the appellee was seated where he was, appellant was under the duty of exercising ordinary care to so operate his truck in entering the garage as not to come in collision with the appellee. There is no evidence that appellee moved in any way, and it was for the jury to say whether or not the appellant had exercised that duty. He did collide with the appellee, and it was plainly for the jury to say whether or not this collision was occasioned by his failing to exercise that degree of care which we have said was upon him. There is therefore no merit in appellant's first contention.

The second contention is that instruction No. 1 was erroneous because it told the jury that the appellant was under the duty, among other things, to keep his automobile under reasonable control, and there was no evidence in the record to show that appellant did not have the truck under such control at the time of the accident. Appellant is correct in his statement of what the evidence showed, but, although the court in such a state of case should have omitted the part of the instruction complained of, yet the inclusion of it in the instruction was not prejudicial, since there was no controversy whatever but that the appellant did have his truck under reasonable control. The case of Standard Oil Co. of Ky. v. Thompson, 189 Ky. 830, 226 S. W. 368, relied upon by appellant, is not in conflict with this view. That case did not direct a reversal because of an error like the one here complained of, but only directed that on retrial, occa-

sioned by a reversal on other grounds, the instruction complained of should be corrected.

Lastly, it is contended that the court permitted the appellee to introduce evidence in chief when only rebuttal evidence was competent. The appellee, in developing his case in chief, testified that the then condition of his hand was due to the accident. He introduced no medical testimony. The appellant in developing his case introduced the testimony of certain doctors to prove that the then condition of the appellee's arm was not due to the accident but rather to the fact that, after the arm had been set by the "first aid" doctor, furnished by the appellant, other physicians had taken off the bandages, thus causing the fracture to slip, and that the resulting condition of the arm was due to this slipping of the fracture brought about by the treatment of these doctors. To disprove this, the appellee put on the physicians who had removed the bandage to show that the condition of his arm after it was first bandaged imperatively demanded the removal of the bandages, for which reason the present condition of the arm was due to the accident and not to any negligence on the part of these doctors who treated him subsequently to the "first aid" doctor. It is plain that this evidence was in rebuttal.

No error appearing prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.