## Sweazy v. King.

(Decided March 24, 1933.)

(Common Pleas Branch, Fourth Division).

433

W. J. GOODWIN for appellant.

CRAWFORD, MIDDLETON, MILNER & SEELBACH for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

Frankfort avenue in Louisville runs east and west and is designated as a boulevard. Clifton avenue runs north and south. It intersects Frankfort avenue, but does not cross it. About 4 p. m. on January 5, 1931,

Mrs. Mattie Sweazy was riding in a car going east on Frankfort avenue to her home near Mt. Eden, with her husband, her son-in-law, and her daughter. Mrs. Lula King, accompanied by her mother and her daughter, was driving a car north on Clifton avenue, and when she reached Frankfort avenue turned west, or made a left-hand turn, and the two cars collided. Mrs. Sweazy was sitting on the rear seat with her daughter; her husband and son-in-law being on the front seat. By the collision she was thrown violently to one side, and brought this action to recover for her injuries. She weighed about 200 pounds, and claimed that by the collision she suffered concussion of the brain and other injuries. On the trial of the case the jury found for the defendant, and she appeals.

The proof was very conflicting. According to the proof for the plaintiff, the collision occurred at the intersection by reason of the defendant coming out, without warning, into the intersection when the plaintiff's car was so near it that it could not be stopped. According to the proof for defendant, she stopped before driving into the intersection, and, seeing the way clear, drove into it and had turned to the left and was some feet from the intersection when struck by the plaintiff's car, which when she first saw it was about a square away, and at the time of the collision was not running on the right-hand side of the roadway.

The chief ground for reversal relied on is that the court misinstructed and failed properly to instruct the jury. By instruction 1 the court defined the duty of Lula King under the circumstances, and then added these words:

"Now, if the jury believe from the evidence that she was negligent, in that she failed to perform any one or more of the duties required of her by this instruction, and by reason of such negligence, if any there was upon her part, she helped to cause or bring about the collision between said two automobiles, and the plaintiff was thereby injured, then the law is for the plaintiff, Mattie Sweazy, and you will so find."

By instruction 2, the court defined the duties of Mr. Sweazy, the driver of the other car, and then added these words:

"Now if the jury believe from the evidence that the driver of the automobile in which plaintiff was riding was negligent, in that he failed to perform some one or more of the duties required of him by this instruction, and such negligence, if any there was upon his part, was the sole cause of the collision between said two automobiles, and the injuries if any, to the plaintiff, then the law is for the defendant, Lula King, and you will so find."

"3. The negigence, if any, of the driver of the automobile in which plaintiff was riding, in failing to perform some one or more of the duties required of him by Instruction No. 2, is not attributable to the plaintiff, Mattie Sweazy, unless you believe from the evidence that such negligence, if any there was upon his part, was the sole cause of the collision between said two automobiles, and the injuries if any, to the plaintiff in which event the law is for the defendant, Lula King, and you will so find."

The other instructions are in the usual form and are not complained of. The court in instruction No. 1 did not tell the jury that if Mrs. King ran her automobile more than 20 miles an hour this was prima facie evidence of negligence, and the failure to so instruct the jury is complained of. But the defendant did not ask such an instruction, and the rule is well settled that the omission of an instruction not asked by the appellant on the trial cannot be complained of on appeal. L. & N. R. R. v. Stephens, 188 Ky. 1, 220 S. W. 746. In addition to this, there was no substantial evidence that Mrs. King was running over 20 miles an hour. One witness for the appellant stated that she was running 20 miles an hour. Another said that she was running 20 or 25 miles an hour. But this testimony was true if she was running only 20 miles an hour. She testified that she was running much less, and the collision, occurred so soon after she left the corner that if she stopped there she could not reasonably have been running very fast. It is said that the violence of the collision was evidence that she was running very fast, but the cars were going in opposite directions, and the violence of the collision was due to the combined speed of both cars. Very clearly here there was no error in the substantial rights of the appellant.

It is also complained that the instruction defining Mrs. King's duty in making a left-hand turn did not comply with section 2739g-50, Kentucky Statutes. The court told the jury that it was her duty to bring her automobile to a dead stop before entering Frankfort avenue, and not to proceed into Frankfort avenue until she could do so with reasonable safety to east and west bound traffic thereon. But after so providing, the statute further provides, "and if it appears that the movement or operation of another or other vehicles may reasonably be affected by such change," the operators of the vehicle shall give certain signals. The court did not instruct on this provision of the statute; but appellant did not ask any instruction thereon. The question whether this provision applies here is reserved. The undisputed evidence for the plaintiff was that no vehicle was in sight when she made the turn, and if appellant desired an instruction on this subject it should have been asked.

The court is unable to see that there was any confusion between instructions 1 and 2 or 3. By instruction 1, the jury were told that if there was any negligence on the defendant's part, and the plaintiff was injured by reason thereof, they should find for the plaintiff. By instructions 2 and 3 they were told that if the sole cause of the collision between the two automobiles was the negligence upon the part of Mr. Sweazy they should find for the defendant. Such an instruction has been often sustained. Although Mrs. Sweazy was not responsible for any negligence of her husband, if his negligence was the sole cause of the collision, then there was no negligence on the part of the defendant which caused it, and she was not responsible.

It is also insisted that it was improper for the court to define the duties of Mr. Sweazy in operating his automobile. The instruction of the court followed the rule stated in Consolidated Coach Corporation v. Saunders, 229 Ky. 291, 17 S. W. (2d) 233. The jury could not intelligently determine whether the collision was due to the negligence of one party or the other, unless the duties of each was correctly defined by the instruction; for they might have concluded from the evidence that Mr. Sweazy did or omitted to do certain things, and that this was the sole cause of the collision, and without this instruction they would not have known

whether these acts, or any of them, showed negligence on his part. A contrary rule was not laid down in Tente v. Jaglowicz, 241 Ky. 720, 44 S. W. (2d) 845, for a similar instruction was given in that case, and the judgment was affirmed. While it was said in the opinion that "it was not necessary to define the duties of Mrs. James," this was unnecessary to the decision of the case, and clearly here the instruction was not prejudicial to the substantial rights of the appellant.

Dr. Humphrey was called as a witness for the defendant, and testified that he had examined Mrs. Sweazy and found no evidence of injury upon her person. On his cross-examination this occurred:

"Q. You are really a surgeon? A. Yes, sir, largely.

"Q. Surgeon for the Louisville Railway Co.? A. Yes sir.

"Q. And for a good many other corporations? A. Yes sir. (Objection sustained, exception.)

"Q. You testify in court for them a great deal don't you? (Objection sustained, exception.)"

There was no connection shown between Mrs. King and the Louisville Railway Company, or any of the other corporations served by the doctor, and this evidence did not show any bias on the part of the witness. There are a great many personal injury suits nowadays, and doctors are often called in to testify in such cases.

The plaintiff introduced proof to the effect that she suffered from melancholia and insanity. The defendant moved the court to exclude this evidence on the ground that this was not pleaded. The court sustained the motion, and the plaintiff excepted. Thereupon this occurred:

"By Mr. Goodwin: I ask leave to amend.

"By the Court: No, motion overruled, to which Plaintiff by counsel excepted." No amended petition was tendered, and whether the court would have erred in refusing to allow the petition to be amended, or the plaintiff was prejudiced thereby, this court cannot determine, as no amended petition was tendered, and we have no means of knowing what allegations would have

been in the petition if tendered. It is well settled in cases of this sort that the amended petition which is refused must be made a part of the record or it cannot be considered in this court. The plaintiff, if she wished to complain of this ruling, should have tendered an amended petition and had it made a part of the record, if refused by the court. This not having been done, the question is not presented by the record.

The plaintiff asked a new trial on the ground of newly discovered testimony to the effect that Mr. Sweazy was sober and not drunk that evening. But at the trial no continuance was asked on the ground of surprise. Sweazy, his wife, son-in-law, and daughter were present. They had been with him all the evening and knew his condition, but none of them testified on the subject. If the plaintiff wished time to get other evidence on the subject, she should have asked it. She could not take the chances of winning with the evidence she had and complain when she lost before the jury. She had been with her husband all day, and knew the facts then as to his condition.

It is thrice provided in the Civil Code of Practice that the court must at every stage of an action disregard any error in the proceeding which does not affect the substantial rights of the adverse party. Sections 134, 338, 756. Very clearly here none of the errors relied on affected the substantial rights of appellant. The case was fairly tried on the merits.

Judgment affirmed.