# Fischer v. Eby.

(Decided March 11, 1938.)

**546**

WILLIAM J. DEUPREE for appellant.

WILLIAM E. WEHRMAN and E. H. WALTON for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellant, H. A. Fischer, has appealed from a judgment of $5,000, rendered against him in the Kenton circuit court in favor of appellee, Edward Eby, for personal injuries resulting from an automobile accident.

In June, 1935, appellee and his wife, who were residents of Detroit, Mich., were riding in an automobile on the Dixie highway through Kenton county, Ky., on their way from Michigan to Florida; and appellant also a resident of Detroit, Mich., was driving a truck in the same direction, and in attempting to pass appellee's car, appellant's truck collided with the side of appellee's car and forced it from the highway, turning it over and resulting in the serious injuries of appellee. There is no question raised as to the sufficiency of the evidence to establish negligence on the part of appellant, and it is not necessary for us to review the evidence for that purpose.

Preliminary to a consideration of the merits of the case, we are confronted with two motions relating to the practice of the case; (1) to quash the return of summons, and (2) to strike the bill of exceptions and transcript of evidence.

Appellant being a nonresident of the state, no personal service of summons was had on him and the summons was served under the provisions of section 12-2 of the Kentucky Statutes, made and provided in such cases. That section of the statute provides, among other things, that:

"The clerk of the court in which said action may be filed shall issue process against the defendant or defendants named in the petition and shall direct same to the sheriff of Franklin County. Said officer to whom said process is directed shall execute same by delivering a true copy thereof to the secretary of state of the Commonwealth of Kentucky at least twenty days before the return day of said process, and shall also deliver with said summons an attested copy of plaintiff's petition. It shall then be the duty of said secretary of state to write a letter to the defendant in said petition at the address given in said petition, notifying said defendant of the nature and pendency of said action, and to enclose in said letter said summons and said copy of said petition. Said letter shall be posted in the mails of the United States by prepaid registered mail and bear the return address of said secretary. Said secretary shall thereafter file, with the clerk issuing said process a report of his action, which shall include a copy of said letter and an answer thereto, together with the return registery receipt, if any."

The return on the summons reads as follows:

"Executed this 3rd day of September, 1935, by delivering a true copy of the within summons and copy of petition to Sarah W. Mahan, Secretary of State of Kentucky.

"T. E. Kenney, Sheriff of Franklin Co.
"By: G. Bain Moore, D. S."

There is also filed with the record copies of correspondence from the Secretary of State to appellant and to the clerk of the Kenton circuit court. The letter from the Secretary of State to appellant, omitting dates and heading, reads as follows:

"Suit has been filed against you in the Kenton circuit court as follows:

"Edward Eby v. H. A. Fischer, copy of petition and summons which I inclose.

"Chapter 80, Acts of the General Assembly of Kentucky, 1930, makes it my duty to write you and send copy of petition and summons. It will be important for you to let this matter have your prompt

attention and take such steps as are necessary to protect your rights in the premises.

"Very truly yours,

"Secretary of State."

Defendant's motion to quash service of summons reads:

"Comes the defendant, and without entering his appearance but expressly objecting to the jurisdiction of the court and for the purpose only of objecting thereto, moves to quash the return of the service of summons upon him because the service thereof as made under the laws of the state of Kentucky deprives him of his constitutional rights under the Fifth Amendment to the United States Constitution and is a taking of his property without due process of law."

The motion does not state specifically the defect or objections to the sheriff's return, but only states, "as made under the laws of the state of Kentucky deprives him of his constitutional rights," etc. Apparently the motion is an attack upon the validity of the statute, but in brief of appellant the validity of the statute is recognized and the objection urged to the return is that it does not state that the copy of the petition served on the Secretary of State by the sheriff of Franklin county was an attested copy, and likewise the correspondence of the Secretary of State merely refers to a copy of the petition, but does not state that it was an attested copy. To support appellant's contention, the cases of Hirsch v. Warrent, 253 Ky. 62, 68 S. W. (2d) 767; Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S. W. (2d) 17, 19, 96 A. L. R. 584, are cited. In those cases the court required strict compliance with the provisions of the statute with respect to reasonable certainty of the notice being received by the defendant. The argument is that in the present case the "strict compliance" rule was not complied with, in that it is not shown that defendant was served with an attested copy of the petition. We assume that the attack on the sheriff's return, though not specifically stated, is based on the failure of the return to state that the copy of the petition served by him as stated above was an attested copy. No proof was offered on the motion to quash the return, nor does the return or letter of the Secretary of State show affirmatively that the copy of the petition mentioned was not an at-

tested copy, or whether the copy received by Fischer, appellant, was not attested. Since the statute required the copy of the petition to be sent by the Secretary of State to the defendant by prepaid registered mail, in the absence of a showing to the contrary, it will be presumed that defendant received the copy and had same in his possession and a filing of it with his motion to quash the return, if properly identified, would have furnished necessary proof in support of his motion.

In the case of Huber & Huber Motor Express v. Martin's Adm'r, 265 Ky. 228, 233, 96 S. W. (2d) 595, 597, it is said:

> "It is the prevailing rule that where it lies within the power of a litigant to produce a witness or any evidence on an issue and he fails to do so, creates the presumption that the testimony of the witness or other evidence, if produced, would have been unfavorable to such litigant."

Since the law requires the copy of the petition referred to to be an attested one, it will be presumed that the officer did his duty and the copy of the petition executed by him was duly attested. In the case of Fleishman v. Goodman, 252 Ky. 535, 67 S. W. (2d) 691, the return on a summons made by the sheriff was as follows:

> "Executed Oct. 10, 1931, on Harry Fleishman and Anna G. Fleishman, his wife, by delivering to them a copy of the within summons."

Motion to quash the return was made upon the ground that it did not show that a copy was delivered to each of the defendants. Proof was taken on the motion, but it failed to disclose whether or not each defendant was delivered a separate copy of the summons. In holding the summons sufficient, we said:

> "It is presumed, in the absence of proof, that the officer did his duty. The return of the officer that he executed the process on the defendants by delivering to them a copy naturally means that the copy was delivered to each of them."

Under the authority of the Fleishman Case, supra, the return of the sheriff stating that he served a copy of the petition on the Secretary of State and the letter of the Secretary of State to the circuit court clerk of Kenton county, stating that she sent the copy of the

petition to the defendant, naturally means that the copy was an attested one. The presumption that the officer did his duty is not overcome by the mere fact that the return of the sheriff and the letter of the Secretary of State failed to specifically state that the copy of the petition was attested as required by the statute. See, also, Shanks v. Northcutt, 223 Ky. 138, 3 S. W. (2d) 208; Cary v. Simpson, 239 Ky. 381, 39 S. W. (2d) 668.

Under the facts and the circumstances disclosed in the record, we conclude that the showing made was insufficient to authorize the court to quash the return and the court did not err in so holding.

We now come to a consideration of appellee's motion to strike the bill of exceptions and transcript of evidence. The court below sustained the motion and ordered the bill stricken, to which appellant excepted, and the same motion is urged on this appeal. The motion and grounds for a new trial was overruled December 21, 1936, and on January 18, 1937, defendant prayed an appeal to the Court of Appeals, and, on February 8, 1937, the appeal was granted. On February 15, 1937, an order was entered allowing appellant 60 days additional time to file transcript of the record to be used upon the appeal. The Kenton circuit court being a court of continuous session, appellant had 60 days from December 21, 1936, to file his bill of exceptions and the 60 days additional time granted him extended the time to April 20, 1937. On March 25, 1937, the following order was entered:

"The foregoing bill containing all the evidence introduced, or offered, or heard, upon the trial of the foregoing action was this 25th day of March, 1937, produced and tendered in open court by the defendant and it was by defendant then and there moved that the same be approved and signed. And the said bill is examined and found to be correct and approved and signed by the judge and it is ordered to be filed and made a part of the record without being spread upon the order book, this 25th day of March, 1937.

"Rodney G. Bryson,
"Judge, Kenton Circuit Court."

On May 5, 1937, this order was entered by the clerk:

"At a sitting of said court on May 5th, 1937,

"March 25th, 1937, defendant tendered in open court bill of evidence and exceptions and on motion of defendant the court approved and signed same in open court and they are made part of the **record** without being spread upon the order book.

"John A. Herold, Clerk."

It is stated in brief of counsel for appellee that when the order was entered by the judge on March 25th, approving and signing the bill of exceptions, counsel for appellant took the record from the possession of the court and took it to his office and kept it until May 5, 1937, when the nunc pro tunc order was entered by the clerk. However, we are controlled by the official transcript of the record and it is silent as to why the clerk did not enter the order at the proper time, which was March 25th. But if it be conceded that the nunc pro tunc order of May 5th was necessary, the notation or order made by the judge on March 25th was a sufficient basis for the nunc pro tunc order. In Clark v. Wells-Elkhorn Coal Company, 215 Ky. 128, 284 S. W. 91, the last day for filing a bill of exceptions was March 20, 1924. On that day the plaintiff tendered and offered to file his bill of exceptions and it was so indorsed by the clerk upon the bill. The judge then marked it examined and approved, but no order was made on the order book until March 28, 1924, when an order was made reciting the above facts and filing the bill as of date March 20, 1924. This was held sufficient. It is the rule that a nunc pro tunc order cannot be entered where there is no memorandum or notation entered of record upon which to base the nunc pro tunc order. Smalling v. Shaw, 144 Ky. 458, 139 S. W. 779. But in the present case the order or notation made by the judge on March 25th was sufficient to authorize the nunc pro tunc order entered May 5, 1937, by the clerk. Rogers v. Biggerstaff's Ex'r, 176 Ky. 413, 195 S. W. 777; Benton v. King, 199 Ky. 307, 250 S. W. 1002. Conceding, without deciding, that the trial court had jurisdiction to strike the bill, it erred in sustaining the motion, and the motion before us to strike it is overruled.

The next insistence is that instruction No. 7 given by the court upon its own motion is erroneous. That instruction reads:

"The negligence of the driver of the plaintiff's car is not imputable to the plaintiff and her negligence cannot be considered, if any there was, unless you shall believe from all of the evidence that her negligence was the sole cause of the collision, and if you should believe that the collision was caused by the sole negligence of the driver of plaintiff's car, and the defendant was not negligent in the operation of his truck, then and in that event the plaintiff cannot recover."

The instruction is correct in so far as it tells the jury that if the negligence of appellee's wife was the sole cause of the accident, the jury should find for the defendant. But we cannot subscribe to the correctness of the first part of the instruction, in so far as it tells the jury that the negligence of the driver of the plaintiff's car (appellee's wife) is not imputable to the plaintiff. Appellee testified that he owned the car, but that his wife was driving it, and that they were on their way from Michigan to Florida, and that he was seated in the car beside his wife. He does not state for what purpose they were going to Florida and, so far as the evidence discloses, the mission was as much for the benefit of himself as it was for his wife.

In Challinor v. Axton, 246 Ky. 76, 54 S. W. (2d) 600, 603, the wife was the owner of the car and the husband was riding with her and driving the car. The wife was injured by a collision between the car in which they were riding and another car. The facts are the same as those in the present case except the converse as to the ownership, but the law applicable is the same. Complaint was made on appeal of that case that the court by its instructions imputed the negligence of the plaintiff's husband to herself and thereby made his contributory negligence a defense to her action. In approving that instruction, we said:

"The automobile in which plaintiff was riding was owned by herself, and which fact is so stipulated in the record. It was being driven by her husband with her consent and acquiescence on a mission as much for the benefit of herself as it was for him or any member of the family; and, independently of any 'family purpose,' doctrine, we have no hesitancy in concluding under such facts that plaintiff was and is responsible for the negli-

gence of her husband as driver of her automobile. See Kennedy v. Wolf, 221 Ky. 111, 298 S. W. 188; Steele v. Age's Adm'x, 233 Ky. 714, 26 S. W. (2d) 563, and Wallace v. Hall, 235 Ky. 749, 32 S. W. (2d) 324."

In Jellico Grocery Company v. Biggs, 252 Ky. 827, 68 S. W. (2d) 429, 430, Mrs. Biggs and Mrs. Jones were riding in a car belonging to Mrs. Jones and being driven by Mrs. Biggs and it collided with another car, resulting in the injury of Mrs. Biggs, for which she recovered, and Mrs. Jones also recevered for damages to her car. In reference to the question of the negligence of Mrs. Biggs, the driver, being imputable to Mrs. Jones, the owner of the car, the court said:

"Mrs. Jones owned the sedan, it was being driven for her by Mrs. Biggs, thus the latter was the agent of the former, and the negligence of Mrs. Biggs is the negligence of Mrs. Jones, and Mrs. Jones is chargeable with all the results thereof, so that, if the negligence of Mrs. Biggs so contributed to the occurrence of this collision that but therefor it would not have happened, then Mrs. Jones cannot recover except under those circumstances wherein Mrs. Biggs can recover."

Also, in Standard Oil Company of Kentucky v. Thompson, 189 Ky. 830, 226 S. W. 368, the husband was the owner of the car which was being driven by his wife at the time of the accident, and it was held that the husband, who was the plaintiff, was chargeable with the negligence of his wife who was his agent in the operation of his automobile at the time of the collision. See, also, Steele v. Age's Adm'x, 233 Ky. 714, 26 S. W. (2d) 563.

Many other like and similar cases might be cited, but the authorities supra, and cases cited therein, are conclusive of this question. It follows that instruction No. 7 was erroneous.

In support of appellee's contention that the negligence of appellee's wife is not attributable to him, the cases of Cox's Adm'r v. C., N. O. & T. P. Railway Co., 238 Ky. 312, 37 S. W. (2d) 859, and Sweazy v. King, 248 Ky. 432, 58 S. W. (2d) 659, and perhaps other cases of like nature are cited and relied on.

In the Cox Case, supra, it was held that one riding

in a vehicle as a guest of another is not responsible for the latter's negligence unless there exists such relationship as to make the guest responsible for the acts of the other, and that in such cases the negligence of the husband was not imputable to the wife unless it should appear that in that particular instance the relationship of master and servant or principal and agent existed between them. But so far as the opinion in that case discloses, the facts were not like those in the present case. That opinion does not disclose whether the husband or wife owned the car or whether the enterprise or mission was equally beneficial to themselves.

The Sweazy Case, supra, is of a like nature. However, it may be conceded that the writer of the opinion in the Cox Case used expressions that apparently conflict with the conclusions we have reached herein and cases cited in support thereof. But the particular state of facts or question involved in that case not being the same as those involved in the present case, the particular question here under consideration was not determined. We may further note that all jurisdictions are not in accord on this question, but we regard the rule announced in the cases cited in support of our conclusion as being the established rule of this jurisdiction.

Upon another trial of the case, if one is had, the court will instruct the jury upon imputable negligence of the driver of appellee's car to appellee.

It becomes unnecessary for us to discuss or determine the question of excessive damages, or other questions raised, all of which are reserved.

Wherefore, for the reason stated, the judgment is reversed and remanded for proceedings consistent with this opinion.

Whole court sitting.