## HENNESSY et al. v. BISCHOFF et al.

Court of Appeals of Kentucky.
May 25, 1951.

Samuel B. Kirby, Jr., William F. Trusty, Louisville, for appellants.

J. W. Jones and Nicholson & Hubbs, all of Louisville, for appellees.

CULLEN, Commissioner.

On an appeal by adjoining property owners, from a decision of the Louisville and Jefferson County Planning and Zoning Commission, adjusting the master zoning plan for unincorporated territory in Jefferson County so as to change the classification of a particular tract of land from a one-family residence classification to a commercial classification, the Jefferson Circuit Court entered judgment reversing and setting aside the decision of the commission. From that judgment an appeal has been taken to this Court, by the commission and by the owner of the tract of land in question.

The appeal to the circuit court, from the decision of the planning and zoning commission, was taken by the adjoining property owners pursuant to KRS 100.057, which provides that the appealing party shall file with the circuit court clerk a statement of appeal, setting forth the action or decision appealed from, the date thereof, and the reasons for the appeal, attaching thereto a certified copy of the action or decision, and asking that an order to show cause be issued against the planning and zoning commission. The statement of appeal followed the statutory directions as to form and contents, and designated as defendants the members of the planning and zoning commission, and the owner of the tract of land.

The defendants filed a special demurrer to the statement of appeal, on the ground that the statement showed that the court had no jurisdiction of the subject matter of the action. The basis for the demurrer was that the statement of appeal showed on its face that the appeal was not filed within the time required by the statute. The special demurrer was overruled, and the first contention by the appellants on the appeal to this Court is that the lower court erred in overruling the demurrer. If the appellants are correct in this contention, the judgment must be reversed, and it will be unnecessary to consider the other contentions of the parties.

KRS 100.057 provides that the statement of appeal must be filed within 30 days after notice of the decision of the planning and zoning commission has been given, "as herein provided". The quoted phrase clearly refers to subsection (3) of KRS 100.056, which provides that when the commission has finally approved an adjustment in the zoning plan, "it shall immediately notify in writing all parties of record in such proceeding of its action or decision." The question we must decide, then, is whether the statement of appeal showed on its face that the appeal was not taken within 30 days after notice of the final decision of the planning and zoning commission was given in writing to the parties.

The statement of appeal alleges that on June 16, 1949, the planning and zoning commission held a hearing on the application of the owner of the tract of land in question, for change of zoning classification; that after the hearing was concluded, and on the same day, the commission adopted a resolution changing the classification; that on July 11, 1949, the plaintiffs (the adjoining property owners), through their attorney, addressed a letter to the commission requesting the commission to rehear and reconsider its action of June 16; that the request for a rehearing was supported by a petition signed by approximately 125 residents of the area; that on July 21, 1949, the commission, at a regular meeting, considered the request for a rehearing and adopted a resolution denying the request; and that the plaintiffs were present or represented at the mettings of June 16 and July 21 and were parties of record at those meetings. Attached to the statement of appeal, as exhibits, were copies of the minutes of the meetings of the commission on June 16 and July 21. The statement of appeal was filed in the circuit court on August 19, 1949.

It is apparent upon the face of the statement of appeal that more than thirty days elapsed between the *making* of the decision appealed from, on June 16, and the filing of the statement on August 19. However, the appellees contend that the statement does not show on its face that more than thirty days had elapsed since the *giving of written notice* of the decision, because the statement contains no allegations whatso-

ever with reference to written notice of the decision.

■ It is so well established as not to require the citation of authority, that upon demurrer a pleading must be construed most strongly against the pleader. If, from the pleading here in question, an inference or intendment arises that the planning and zoning commission gave notice of its decision, as required by the statute, the pleading must be construed as though such fact was alleged.

The statement of appeal alleges that the appealing property owners, on July 11, made application by letter for a rehearing and a reconsideration of the action of the planning and zoning commission taken on June 16. Attached to the statement of appeal, as an exhibit, was a copy of a petition of numerous other property owners, asking that a rehearing be granted "in order that they may reconsider the great injustice by the decision of June 16, 1949, Docket No. 9–76–49." The letter requesting the rehearing, a copy of which also was attached to the statement of appeal as an exhibit, recites that the planning and zoning commission, "at a meeting held on June 16, 1949, approved the request for a change of zoning * * *." It is clear from the allegations and exhibits embraced in the statement of appeal that the appealing property owners, at least by July 11, had received positive and direct notice in some form of the decision made on June 16.

■■ The statement of appeal does not recite how the appealing property owners received notice of the decision of June 16, so there must be a resort to inference as to how such notice was received. One inference would be that the property owners, by their own initiative, went to the offices of the commission and obtained a copy of the decision. Another would be that they were present in person or by legal representative when the decision was entered by the commission. A third inference would be that they were given written notice of the decision by the commission, by reason of the commission having performed its statutory duty to give them such notice immediately. There is a presumption that public officers have performed their duties as required by law, Fischer v. Eby, 272 Ky. 545, 114 S.W. 2d 763, and we must presume that the planning and zoning commission performed its duty and did give immediate written notice of its decision.

■ There being a choice of inferences as to how the appealing property owners received notice of the decision of the planning and zoning commission, and their pleading being required to be construed most strongly against them, we must construe the pleading as meaning that the appealing property owners had received notice in the regular statutory manner. Therefore the pleading shows on its face that the appeal was not taken in time.

■ There appears to be no question but that the statutory time for appeal ran from the date of the original decision of the planning and zoning commission on June 16, and not from the time the application for a rehearing was denied on July 21. The statutes governing the making of adjustments in the zoning plan, by the Louisville and Jefferson County Planning and Zoning Commission, make no provision for a rehearing. The law seems to be settled that in the absence of statutory authority an administrative agency has no authority to set up a rehearing procedure, or at least cannot, by permitting applications for rehearings, extend the time for appeal. In Washington v. Clover Fork Coal Co., 269 Ky. 604, 108 S.W.2d 502, it was held that the Workmen's Compensation Board had no authority to adopt a rule providing for a rehearing before the full board after a first hearing by the full board, where the statutes authorized a rehearing only when the initial hearing was not by the full board. In Lena Rue Coal Co. v. Brewer, 213 Ky. 327, 280 S.W. 1097, it was held that the statutory time limit for taking an appeal from the Workmen's Compensation Board, after a full hearing by the board, could not be extended by filing an application for a rehearing.

The appellees on the appeal to this Court take the position that if the procedure they followed in appealing from the planning and zoning commission to the circuit court was

not effective, because not taken in time, then their statement of appeal, filed in the circuit court, should be treated as a petition in a suit to have the action of the planning and zoning commission declared void. In taking this position they rely upon the last sentence of subsection (1) of KRS 100.057, which, following a description of the procedure for taking an appeal, provides that "the foregoing remedy shall not be exclusive."

The answer to this contention is that the procedure followed by the appellees did not purport to be anything other than a statutory appeal. The remedy they sought was the remedy by appeal. We are not disposed to treat this procedure as something different than what it purported to be. Whether the appellees have some other remedy, through a different procedure, is a question that is not now before us.

We are of the opinion that the special demurrer should have been sustained. Therefore, the judgment is reversed.