## BISCHOFF et al. v. HENNESSY et al.

Court of Appeals of Kentucky.
May 9th 1952.

Rehearing Denied Oct. 31, 1952.

J. W. Jones, S. Rush Nicholson, and James A. Hubbs, Louisville, for appellants.

Albert F. Reutlinger, William F. Trusty, Jr., Louisville, for appellees.

MILLIKEN, Justice.

The appellants, affected property owners, sought an injunction to restrain the appellees, the Louisville and Jefferson County Planning and Zoning Commission, from enforcing their order of June 16, 1949, reclassifying for commercial use a corner lot fronting approximately 177 feet on Bardstown Road and 213 feet on Watterson Lane. The lot is near the center of a rapidly developing Class A, One-Family Residential area, and the Commission's order recites its action is prompted by the fact that the nearest commercial shopping center is 2½ miles away. The appellants complain that the Commission's order is arbitrary, constitutes spot zoning, and amounts to a taking of their property without due process of law under the Federal Constitution. The trial court sustained a general demurrer to the pleadings for reasons which will appear.

This is the second attempt by the appellants to have the Commission's order set aside. In Hennessy v. Bischoff, Ky., 240 S.W.2d 71, we held that the appellants had failed to pursue, within the prescribed time of thirty days the remedy afforded by KRS 100.057. Thirty days is allowed by the statute in which to appeal an order of the Zoning Commission to the Circuit Court, and it was decided that the time began to run from the date of the order and not from the date of the Commission's refusal to reconsider or rehear the case, because the statute governing the Commission's power to make adjustments in the zoning plan contained no provision for a rehearing by the Commission. This decision is referred to in the pleadings on the present appeal, and the Commission's general demurrer was sustained apparently upon the theory that the appellants had elected the statutory remedy, had lost their action, and hence were not entitled to pursue any other remedy.

Our decision in Hennessy v. Bischoff, supra, turned wholly on the answer to a question of procedure; the merits of the controversy were not adjudicated. The section of the Zoning and Planning Law involved in that decision, KRS 100.057, expressly declares that the statutory appeal therein contained "shall not be exclusive."

Another section, KRS 100.086(2), expressly stipulates that nothing in the sections of the Zoning and Planning Statutes governing cities of the first class and counties containing such cities, KRS 100.031 to 100.097, shall be construed in a way which would deprive an interested party of any right which he may have "to proceed by injunction, mandamus, or other appropriate proceeding either in equity or law."

■■ It is a familiar rule of construction which requires courts to harmonize inconsistent statutory provisions wherever possible. "Hence, where two constructions of a statute are possible, by one of which the entire act may be made harmonious while the other will create discord between different provisions, the former should be adopted." 50 Am.Jur., Statutes, Section 364, page 369. With this rule of construction in mind, it is obvious that the thirty day time limit for appeal to the courts, allowed by KRS 100.057, and the provision of KRS 100.058(1), which declares that the order of the Zoning Commission "shall be final" thirty days after its issual where no appeal is taken or where it is approved by the courts, would be futile provisions if the other remedies mentioned in KRS 100.086(2) were available to a litigant at any time or in any circumstance. As a consequence, it is our conclusion that actions must be taken within the thirty day period unless facts are pleaded which show that the Commission has proceeded in such an illegal manner as to cause its orders to be void or has upset vested rights in violation of the Constitution. Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W.2d 557; Darlington v. City of Frankfort, 282 Ky. 778, 140 S.W.2d 392.

■ We believe there is no basic difference between the relief now sought in their prayer for injunctive relief and the statutory remedy available under KRS 100.057. If the appeal under KRS 100.057 had been successful, its effect would have been practically the same as the granting of a decree to enjoin the effectiveness of the order of the Commission. The petition in the case at bar merely alleges that (1) the conditions in the affected area are substantially the same now as they were

in 1943 when the area was zoned; (2) that the Commission's action in rezoning the lot in question was arbitrary, unreasonable, discriminatory, and had no relation to the public welfare; and that the Commission's action constituted "spot zoning." None of these conclusions, if given full credence, in any way challenge the jurisdiction of the Commission to act in the circumstances, and, consequently, they presented questions for which the statutory remedy under KRS 100.057 afforded an adequate remedy at law. Spot zoning is scrutinized by the courts, Polk v. Axton, 306 Ky. 498, 208 S.W.2d 497, but the mere allegation that a certain order constitutes "spot zoning" does not necessarily make the order illegal; it quite often is justified. 58 Am.Jur., Zoning, Section 39; Note in 149 A.L.R. at page 293.

 The fourth allegation of the petition pleaded conclusions that the Commission's action constituted the taking of the plaintiffs' property without due process of law because a business building would be constructed on the rezoned lot, thus allegedly causing great damage to the residence property of the plaintiffs. The validity of an amendment to a zoning law removing certain restrictions from property in a particular zone has been upheld, and the contention has been overruled that such an amendment operated unconstitutionally to deprive owners of property of vested rights in the zone affected. As stated in Eggebeen v. Sonnenburg, 239 Wis. 213, 1 N.W.2d 84, 86, 138 A.L.R. 495: "The theory of vested rights under an ordinance overlooks the fact that rights granted by legislative action under the police power can be taken away when in the valid exercise of its discretion the legislative body sees fit. Property is always held subject to the police power. * * * The theory of vested rights relates only to such rights as an owner of property may possess not to have his property rezoned after he has started construction. The rationale of such cases is that he has entered on construction work or incurred liabilities for that work which he would be deprived of by the rezoning. * * * As long as the common council acted within the bounds of the legislative field, its discretion is controlling.

A court cannot substitute its opinion for that of the legislative body." Darlington v. City of Frankfort and Goodwin v. City of Louisville, heretofore cited, are Kentucky illustrations of the vested rights theory.

In the case at bar the Zoning Commission related its action to the public welfare when it recited in the rezoning order complained of that the "area in question is rapidly developing as a neighborhood; and * * * the nearest shopping center is located approximately two and a half miles from the subject area." If these representations were not factually true, the statutory remedy provided by KRS 100.057 afforded an adequate means of establishing it. Therefore, we think the trial court properly sustained the general demurrer to the petition.

The judgment is affirmed.