Zimmerman, J.
The single, question for decision by this court is whether the Court of Appeals correctly held that the issue of contributory negligence on the part of plaintiff should not have been submitted to the jury, in the absence of evidence showing or tending to show that she herself was negligent.
*214 In deciding the matter the Court of Appeals limited its decision to.a factual situation wherein a husband was driving his wife’s car with her as an occupant and there is no evidence indicating the relationship of principal and agent between them. The Court of Appeals conceded that if such relationship were apparent the rule of “respondeat, superior” would apply, and that any negligence of the husband in operating the automobile would be imputable to the wife.
Counsel for appellant, the defendant in the trial court, contend that “the Court of Appeals erred in holding as a matter of law that the presence of a wife, the owner of an automobile, as a passenger therein, while it is being operated by the husband on a trip for their mutual benefit and pleasure does not present sufficient evidence of an agency relationship between husband and wife to justify the trial court in submitting the agency issue to the jury.”
In reaching its conclusion the Court of Appeals relied principally on the case of Rodgers v. Saxton (1931), 305 Pa., 479, 158 A., 166, 80 A. L. R., 280, in which, departing from thé general rule prevailing in Pennsylvania, the court held:
“The relation of principal and agent or that of master and servant does not necessarily arise from the fact that the wife owns the car which her husband is driving and in which she is a passenger. * * * The husband is still the head of the family, and when he is at the wheel of that car, even with his wife [the owner of the car] present, the presumption is that he is in control of the car, and, in the absence of evidence to the contrary, he is solely responsible for its operation.” See, also, Klein v. Klein (1933), 311 Pa., 217, 166 A., 790, and Watkins v. Overland Motor Freight Co., Inc. (1937), 325 Pa., 312, 188 A., 848, for like holdings.
The opinion in the case of Beam v. Pittsburgh Rail *215 ways Co. (1951), 366 Pa., 360, 370, 371, 77 A. (2d), 634, 639, analyzes the Pennsylvania cases decided up to that time, wherein the owners were present in their automobiles being driven by others, and deduces the following principles therefrom:
“(1) The mere presence of the owner in an automobile while it is being driven in a negligent manner by another does not necessarily make him liable for an injury caused thereby, or impute to him the driver’s negligence. * * * [The Rodgers, Klein and Watkins cases, supra, are then cited as examples.]
“ (2) There is a presumption, in the absence of any evidence to the contrary, that an owner present in his car has power to control it. * * *
“ (3) The test of the owner’s liability is the right of control, not whether he exercises it * * #. Indeed, the owner’s very failure to exercise his control would ordinarily amount to a tacit consent on his part to the manner in which the operation was being conducted and thereby establish his liability a fortiori * * *.
“ (4) In the absence of evidence to the contrary, the legal relation between the owner seated in his car and the person whom he has permitted to drive it is that of principal and agent or master and servant and therefore he is not only liable for damages caused to a person by the driver’s negligence but the driver’s contributory negligence is imputable to him so as to bar his right of recovery, if he himself is injured, for damages caused by the negligence of a third person. In other words, if the negligence of the driver is imputable to him as a defendant it is also imputable to him as a plaintiff in the same situation: Rest. Torts, Sections 485, 486.”
In Ohio, the so-called family-purpose doctrine (5 American Jurisprudence, 704, Section 365; 6 Ohio Jurisprudence [2d], 518, Section 271 et seq.) is not accepted. This court has held that where the owner of *216 an automobile permits bis wife or other members of his family, presumably qualified drivers, to use his automobile there is no liability on his part for its negligent operation unless evidence is produced showing a principal-agent or master-servant relation between the absent owner and the driver at the time of an injury. Elms v. Flick, (1919), 100 Ohio St., 186, 126 N. E., 66; Bretzfelder v. Demaree (1921), 102 Ohio St., 105, 130 N. E., 505. Compare Elliott v. Harding (1923), 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128.
Should the rule be different in this state, where an owner is present in his automobile which is being driven by another, especially where the owner is the wife and the driver her husband? This court has never directly decided that question. See Skinner v. Pennsylvania Rd. Co. (1933), 127 Ohio St., 69, 186 N. E., 722. And, in meeting it, we are confronted by diverse holdings in other jurisdictions.
A number of courts have adopted the rule, which appeals to us as fair and reasonable, that, where an owner is the passenger-occupant of his own automobile, a rebuttable presumption or inference arises that he has the control and direction of it, and that the driver is acting as his agent in operating the car. Some representative cases are: Gochee v. Wagner (1931), 257 N. Y., 344, 178 N. E., 553 (wife driving husband’s car); Wilcott v. Ley (1931), 205 Wis., 155, 236 N. W., 593 (wife driving husband’s car); Challinor v. Axton (1932), 246 Ky., 76, 54 S. W. (2d), 600 (husband driving wife’s car); Fischer v. Eby (1938), 272 Ky., 545, 114 S. W. (2d), 763 (wife driving husband’s car); Guy v. Union St. Ry. Co. (1935), 289 Mass., 225, 193 N. E., 740 (husband driving wife’s car); Angel v. McClean (1938), 173 Tenn., 191, 116 S. W. (2d), 1005 (husband driving wife’s car); Harper v. Harper (1945), 225 N. C., 260, 34 S. E. (2d), 185 (husband driving wife’s *217 car); White v. Keller (1950), 188 Ore., 378, 215 P. (2d), 986 (husband driving wife’s car); and Beam v. Pittsburgh Railways Co. (1951), supra (car driven by friend of owner). Compare Fox v. Kaminsky (1942), 239 Wis., 559, 2 N. W. (2d), 199 (husband driving wife’s car; court held evidence presented rebutted presumption of agency); Wagner v. McKernan (1947), 198 Okla., 425, 177 P. (2d), 511 (fellow employee of owner driving car).
The Courts of Appeals of this state have generally held that the owner’s presence in a car driven by another creates a rebuttable presumption that the latter is the owner’s agent. See Riley v. Speraw (1931), 42 Ohio App., 207, 181 N. E., 915 (emancipated daughter driving father’s car); Dahnke v. Meggitt (1939), 63 Ohio App., 252, 26 N. E. (2d), 223 (dealer in car, prospective purchaser driving); General Exchange Ins. Co. v. Elizer (1940), 32 Ohio Law Abs., 579, 31 N. E. (2d), 147 (son driving father’s automobile); Brooks, Admr., v. Sentle (1943), 74 Ohio App., 231, 58 N. E. (2d), 234 (car driven by acquaintance of owner); Hursh v. Pennsylvania Rd. Co. (1950), 63 Ohio Law Abs., 353, 109 N. E. (2d), 670 (husband driving wife’s car). Compare Logue v. Rouse (1932), 47 Ohio App., 476, 192 N. E., 136 (husband driving wife’s car); Dietz v. Chandler (1943), 40 Ohio Law Abs., 10, 56 N. E. (2d), 937 (son driving father’s automobile).
On the other hand, a seeming minority of the cases take the position that, where an owner is an occupant of his automobile which is being driven by another, the negligence of the driver is not imputable to the owner unless it is shown that the operator is acting as the agent or servant of the owner or that the owner is in control of the car and is directing its operation. See Christensen v. Hennepin Transportation Co., Inc. (1943), 215 Minn., 394, 10 N. W. (2d), 406, 147 A. L. R., 945 (husband and wife co-owners, husband driving *218 car); Petersen v. Schneider (1951), 154 Neb., 303, 47 N. W. (2d), 863 (companion driving owner’s car); Painer v. Lingon (1952), 193 Va., 840, 71 S. E. (2d), 355 (husband driving wife’s car); Roach v. Parker (1954, Del. Sup.), 107 A. (2d), 798 (limited to a situation where a husband is driving wife’s car).
In the instant case the evidence is meager as to the exact circumstances under which Ross was driving plaintiff’s car at the time of the collision. It shows that on Saturday, May 20, 1950, plaintiff, her husband and their young daughter rode from Akron to Cleveland. to visit plaintiff’s mother. Accompanied by the mother, they left her home about 1 a. m. on Sunday, May 21, to return to Akron. Plaintiff, her mother and her husband occupied the front seat while the daughter slept on the rear seat. Plaintiff saw the man in the middle of the highway “flagging us to stop.” After the collision plaintiff’s husband got out of plaintiff’s car to talk with the defendant and plaintiff also left the car to talk to defendant’s wife and some other women sitting in defendant’s automobile. Several days after the collision plaintiff’s husband communicated with defendant over the telephone concerning repairs to plaintiff’s car, and he procured two estimates of the cost to repair the automobile.
There is nothing in the evidence to show whether plaintiff could drive or ever did drive her automobile. Neither was there any disclosure as to the use to which the car was generally put. Whether plaintiff did in fact ask her husband to drive on this particular occasion or whether she attempted to exercise any control over his driving does not appear.
We believe the better and sounder rule is that, where an owner is present in his automobile, there is a rebut-table presumption that he has control and direction over it. The situation is quite different from one in which the owner is absent, in which instance no such *219 presumption is ordinarily indulged. One being conveyed in bis own vehicle and in furtherance of his own interests ought to be presumed to control his own property in his own transportation. If, in such circumstances, the presumption of agency obtains it casts on the proper persons — those who really know — the burden of producing evidence to negative the relationship. See Fox v. Lavender (1936), 89 Utah, 115, 132, 56 P. (2d), 1049, 1057, 109 A. L. R., 105.
Of course, the test as to whether a person is the agent of another is the right of control of the one over the other.
In the case of Myles v. Philadelphia Transportation Co. (1951, C. C. A., 3), 189 F. (2d), 1014, 1017, the court discussed in its opinion the Pennsylvania cases hereinbefore cited and then commented:
“We think it apparent from the foregoing that if the existence of the marital relationship between the owner who is present and the operator of the vehicle furnishes an exception to the general rule, it does so only because in Pennsylvania the husband, at least for this purpose, is the head of the family and presumptively in control of his wife’s automobile when he is driving. Otherwise, we can find no justification for the repeated emphasis by the Pennsylvania courts upon the holding that the husband is still the head of the family, which alone is said to give rise to the presumption of control in him. What effect that policy has upon the responsibility of the husband present when his wife is driving her own car, we need not determine. In this case, the wife was driving the husband’s automobile. We think the general rule applies, and that Alfred Myles, as owner, was presumptively in control. ’ ’
True, Section 8002-2, General Code (Section 3103.02, Revised Code), provides:
“The husband is the head of the family. He may *220 clioose any reasonable place or mode of living, and the wife must conform thereto.”
And Section 8002-8, General Code (Section 3103.08, Revised Code), recites:
“Neither husband nor wife, as such, is answerable for the acts of the other.”
We can perceive no valid or persuasive reason why these provisions should override the general rule that, where the owner is an occupant of his car driven by another, a rebuttable presumption arises that the driver is acting as the owner’s agent.
Nowadays, under our Married Woman’s Act, a married woman is an emancipated person whose rights and liabilities stand pretty much on an equality with those of a married man. There are many instances where a married woman is in fact the head of the family and produces or possesses the means whereby her family subsists.
Without further lengthening this opinion, we conclude that that part of the trial court’s charge above quoted was substantially correct and that no error was committed in giving it.
Therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taft, JJ., concur.