STATE ex KERNS, Relator-Appellant v BEIGHTLER, Director et, Respondents-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 3490.   Decided March 10, 1943.

M. C. Anderson, Columbus, and H. G. Binns, Columbus, for re-lator-appellant.

Thomas J. Herbert, Attorney General, Columbus; Howard Bernstein, Asst. Atty. Gen'l., Columbus, and Daronne R. Tate, Asst. Atty. Gen'l., Columbus, for respondents-appellees.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the

Common Pleas Court denying plaintiff's prayer for mandamus and dismissing his petition.

The issue raised on the pleadings was whether or not the relator should be reinstated to the roster of the Civil Service Commission of the State of Ohio as Superintendent of Maintenance, Champaign County, Department of Highways of the State of Ohio.

It was the claim of the plaintiff that of date April 16, 1940, he had been removed from his appointment as Superintendent of Maintenance of Highways in Champaign County, to which position he had been appointed under the Civil Service of the State of Ohio; that the removal was a discrimination against him for political reasons; that as a device to accomplish his unlawful removal, the Director of Highways pretended to abolish his position and that such abolishment, in form, was not in good faith. The respondents by appropriate pleading asserted that the position of the relator had been abolished in good faith and that it had been merged with a like position in Logan County and that the Superintendent of Logan County assumed the duties of relator in addition to his own; that the relator's name was retained on the eligible list. for appointment to the position which had been abolished for one year thereafter and that some months after one year the position was recreated and another appointed thereto.

The trial judge after a somewhat extended and complete hearing, a transcript of which is before us in a bill of exceptions, found against the plaintiff and prepared a written opinion with which we have been favored.

There are four errors assigned:

No. 1. Error of the court in concluding that the sole question which the court had to decide was whether the position in question was in fact abolished.

No. 2. In finding that the position in question was in fact abolished.

No. 3. In holding ulterior political motives (which it found actuated and impelled the actions of the respondents) are immaterial and irrelevant.

No. 4. Error in not allowing the writ.

We consider the assignments in order somewhat different than set up in the briefs.

Assignment No. 2. There is substantial proof of the finding essential to the judgment, that the position which relator was holding in April, 1940, was in fact abolished; that the services essential thereto were performed by Chester A. Miller, Superintendent of Highways of Logan County in connecton with his duties in the latter office and that some economy was effected by the joinder of the offices.

We consider Nos. 1 and 3 together. The first is that the court erred in concluding that the sole question for determination was whether the position in question was in fact abolished. and the

third, that the court erred in holding ulterior political motives (which it found actuated and impelled the actions of the respondents) are immaterial and irrelevant.

The fourth assignment is a summation of the other three.

The burden of the briefs is devoted to assignments of error Nos. 1 and 3, and upon the record, if properly made, would present a most interesting legal question upon the authorities cited.

In the motion for a new trial, counsel for appellants assigned as one of the grounds thereof, that the court erred in ruling out evidence offered by relator to which exceptions were noted. As we understand the briefs of appellants in this court, no claim is now asserted in support of this ground of the motion for a new trial. We have, however, examined the record carefully to determine if at any place the court refused to accept any testimony proffered or rule out any testimony accepted, the effect of which would tend to establish political motives actuating the abolishment of relator's position or touching the good faith in the action taken. We find that the court struck out no testimony which had been accepted and at four places in the record overruled objections of the respondents to the admission of testimony, the effect of which tended to show bad faith in the abolishment of relator's position. In one instance only, namely, at page 175 of the record, did the court express any opinion as to the effect of motive upon the action of the Director of Highways. So that, the questions of motive and good faith were both made the subject of testimony to the full extent proffered by the relator.

We have examined the opinion of the trial judge and find it very interesting. It clearly appears that it would have furnished the basis of separate findings of law and fact which would have enabled the relator to separate and present to this court the principal question of law which is argued at length in the briefs.

Appellant in his brief has not restricted his citations to statutes and law cases but, also, directs our attention to a two and a half column article carried in Mengert's column in the Cincinnati Enquirer, wherein the opinion of the trial judge is adopted as a thesis on the principles of Civil Service in Ohio. We have high regard for the cited column and for the author thereof, but it affords us no material assistance in determining the legal questions presented on this appeal.

The judgment of the trial court is general in form, denying the writ of mandamus and dismissing the petition. Such a judgment is presumed to be well founded in law and to have been reached upon the application of sound legal principles: **Peter v Manufacturing Co., 56 Oh St, 181.**

The Code provides specific procedure whereby any conclusion of fact or of law of the trial judge may be set apart for the purpose of testing the correctness thereof. **Sec. 11421-2** provides:

"When questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with the view of excepting to the court's decision upon questions of law involved in the trial, and one of the parties so request, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

As early as 1877, the court in **Empire Transportation Co. v Blanchard, 31 Oh St, 650,** carried this proposition into the syllabus:

"The opinion of the court, in deciding a case in which the facts and law are stated generally, cannot, by a bill of exceptions, be made a substitute for the statement of 'the conclusions of fact found, separately from the conclusions of law', as required by Section 280 of the Code."

Section 280 of the Code as it then existed was to all intents and purposes the same as the present section, §11421-2 GC. See, also, **Sanderson v Iron & Nail Co., 34 Oh St, 448.**

The request for separate findings is in time, if made after the written opinon but before the judgment entry is placed on the journal, **Bittman v Bittman, 129 Oh St, 123,** and it is reversible error for a court to refuse such findings upon request. **Cleveland Produce Co. v Demmert, 104 Oh St, 149; Graver v The Guardian Trust Co., 29 Oh Ap, 233.**

There is no error assigned, the consideration and determination of which would require us to hold upon the record before us that the judgment in this case should be reversed. It will, therefore, be affirmed.

BARNES, P. J., and GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 3490. Decided April 1, 1943.

BY THE COURT:

Submitted on application for rehearing and, if denied, for certification of conflict.

The application sets forth what it terms findings of fact under twenty-six numbered paragraphs and conclusions of law under six numbered paragraphs.

These paragraphs are taken from the written decision of the trial judge which at no time was designated or considered as findings of fact and conclusions of law and not rendered pursuant to any request for such findings and not made the subject of any such formal action under the statute.

Our opinion cited Supreme Court authority to effect that the written decision of the trial judge did not meet the requisites of §11421-2 GC, and because of this we held that there was no predicate for assignment of errors numbers 1 and 3.

The second ground of the motion cites two cases, Oxford Twp. v Columbia, 38 Oh St, 87, 94, and Grant v City Trust & Savings Bank, 11 OO 3, both of which hold that in the situations there presented the failure of the trial court, upon request to fully state separately the conclusions of law and fact was not prejudicially erroneous to the appellant.

The application for rehearing will be overruled.

The motion to certify is based upon the claim that our judgment is in conflict with Grant v City Trust & Savings Bank, supra, and probably the second syllabus thereof as follows:

"The purpose of §11421-2 GC is to provide an opportunity for the aggrieved party to prosecute error without resorting to the securing of a bill of exceptions."

Obviously, this pronouncement of law in no wise was under consideration by this court nor did it affect or determine our judgment. We are not ready to say that the sole and only exclusive purpose of §11421-2 GC is in accord with the quoted syllabus of the cited case but even though there may be a difference in our conclusion of the matter, it creates no conflict upon which certification can be made in this case.

This court had a bill of exceptions with all of the evidence taken in the trial in the Common Pleas Court embodied therein and we passed upon all errors assigned which could properly be raised upon the bill. The motion to certify will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.