**WAINSCOTT, ETC., Plaintiff-Appellant, v YOUNG, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6807. Decided June 9th, 1947.

318

Cowell & Fletcher, Cincinnati, for plaintiff-appellant.
David L. Shannon, Cincinnati, for defendant-appellee.

## OPINION

By ROSS J.

This is an appeal upon questions of law from an order of

the Common Pleas Court, overruling a motion to vacate a final decree and for new trial in a partition proceeding.

The action was pending on October 11, 1945.

The decree mentioned in the notice of appeal is designated as a judgment entered March 8, 1947, as "overruling the motion for a new trial and entering judgment for the defendant."

Reference to the transcript of docket and journal entries develops that on June 3, 1946, the Court made a **finding** in favor of defendant. No motion for new trial was filed to such finding which was entered on the journal.

"**Section 11578 GC,** providing that the application for a new trial must be filed within three days after the verdict or decision is rendered, is applicable to actions pending October 11, 1945, and not §11578 **GC,** as amended effective on that date, which provides that 'the application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree.' " **Par.** 2 of the syllabus in **Von Guten v Coal Co., 147 Oh St 511.**

On July 1, 1946 the court entered final decree dismissing the petition at plaintiff's costs.

No notice of appeal was ever filed directed to this decree.

On July 3, 1946, plaintiff made a request for finding of fact and conclusions of law. Such motion was not seasonably made. **Bittman v Bittman, 129 Oh St 123; Buckeye State Bldg. & Loan Co. v Schmidt, 131 Oh St 132; Levick v Bonnell, 137 Oh St 453; Nimon v Klein, 43 Oh Ap 314; 39 O. Jur., p. 1201, Sec. 455, "Trial"; State, ex rel. v Beightler, 38 Abs 615.**

On the same day, July 3, 1946, the plaintiff filed a motion to set aside judgment and for a new trial. This motion was ineffective as a motion for a new trial or to toll the time for filing notice of appeal from the final decree of July 1, 1946, a **finding** of the Court having been entered on the journal June 3, 1946. **Sec. 12223-7 GC,** as it existed before the amendment, effective October 11, 1945, provides only two reference points from which the 20 days for filing notice of appeal runs (1) the final judgment (2) overruling motion for new trial.

Such motion must be duly filed and effective as applied to the finding or judgment.

On October 30, 1946, an amended request for findings of fact and conclusions of law was filed. This request also was not seasonably made.

On March 7, 1947, the court entered findings of fact and conclusions of law. No motion for new trial was filed to such findings. On March 7, 1947, also leave was given to file exceptions to such findings and conclusions, and exceptions were filed and overruled on the same day.

On March 8, 1947, an entry was made by the court overruling the motion to set aside the judgment and for a new trial. The court in this entry again ordered the petition dismissed at plaintiff's costs.

Notice of appeal was filed to this last judgment, on March 21, 1947, almost nine months after final decree in this proceeding.

The final decree of July 1, 1946 was never vacated or set aside. The repetition in the entry of March 8th, 1947 of a dismissal of plaintiff's petition at his costs was mere surplusage to the overruling of his motion to vacate the judgment. **Frankenstein v Behrendt, 60 Oh Ap 403.**

It is to be noted also that the final decree, entered July 1, 1946, was in the 1946 July term of the Common Pleas Court of Hamilton County (See, Rules of Common Pleas Court, I, 5.) and that while the ineffective motion for new trial and the motion to vacate were filed at the same term, that the order overruling same was made in the January term of the following year, March 8, 1947. Had the Court granted the motion to vacate the former final decree it would have done so after the term in which such final decree was entered, and could have done so only for the reasons and in the manner prescribed in §11631 GC, et seq.

Such motion to vacate and for new trial as far as the record shows was not predicated upon any ground found in the statutes, other than that applicable to motions for new trial. (Section 11576 GC.)

This Court, therefore, will dismiss this appeal upon questions of law, no notice of appeal having been filed within twenty days of the final decree in the action and for the further reason that the judgment from which appeal was taken, that is, the judgment of March 8, 1947, was not a final order under the practice applicable at the time the action was originally instituted.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.