**HURSH, Plaintiff-Appellee, v. PENNSYLVANIA RAILROAD Co., Defendant-Appellant.**

Ohio Appeals, Second District, Clark County.

No. 479.   Decided November 29, 1950.

Halloran & Rosenthal, Aaron J. Halloran, Springfield, for plaintiff-appellee.

Matthews & Altick, Hugh H. Altick, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment of the Municipal Court of Springfield, Ohio, in favor of the plaintiff and against the defendant for damages to an automobile.

Plaintiff moves to dismiss the appeal for the reason that the Court is without jurisdiction to entertain it and cites **Saslaw v. Weiss, 133 Oh St 496.** The cited case is authority upon procedure for an appeal upon questions of law and fact from the Municipal Court to the Court of Common Pleas but has no application to appeals on questions of law. This court had jurisdiction of this appeal under **Article IV, Section 6, of the Ohio Constitution. American Casualty Co. v. Howell, 125 Oh St 62.**

Plaintiff was riding in her own car driven by Floyd Hursh, her husband, in a northerly direction on a public street in Seymour, Indiana, when her automobile was struck by a locomotive of the defendant company moving in the same direction. The cause was submitted to a judge without a jury.

Three errors are assigned.

1. The judgment is contrary to law because the driver of plaintiff-appellee's car was the agent of plaintiff-appellee in the operation thereof, and was negligent in a manner contributing directly and proximately to her damages.

2. The trial court erred in refusing defendant-appellants request that the court state in writing· the conclusions of fact found separately from the conclusions of law.

3. The judgment is against the manifest weight of the evidence.

The first and third assignments of error are not established.

The trial judge made no separate findings of fact and conclusions of law and we, therefore, cannot say that he did not apply the principle that the driver of the car was presumptively the agent of the owner, the plaintiff. Nor, can we say as a matter of law either that plaintiff's driver was negligent or, if negligent, that such negligence was a proximate cause of plaintiff's injuries., **Glasco v. Mendleman, 143 Oh St 649.** We concede the principle announced in the cases cited by counsel for appellant, **Riley v. Speraw, 42 Oh Ap 207; Dahnke v. Maggitt, 63 Oh Ap 352; Brooks, Admr. v. Sentle, et al, 74 Oh Ap 321.** Nor, is the judgment manifestly against the weight of the evidence requiring its reversal. Defendant did not plead the agency of the driver of plaintiff's car.

After the finding of the trial judge in favor of the plaintiff, but, before the judgment entry thereon, defendant requested the Court to set forth its findings of fact as well as its conclusions of law. This is the second error assigned. The trial judge was of the opinion that the request came too late and also that §11421-2 GC did not apply to the Municipal Court of Springfield.

This Court has held that the request as made here was timely. **State ex rel Kerns v. Beightler, Director, 38 Abs 615.**

In support of the claim that the trial judge should have acceded to the request for separate findings of law and fact, we are cited to **Cleveland Produce Co. v. Dennert, 104 Oh St 149,** which held that the Municipal Court was required to observe the provision of §11421-2 GC and **Yetter v. Kleinman, 34 Oh Ap 433** and **Graver v. Trust Co., 20 Oh Ap 233.** The case on review in Cleveland Produce Co. v. Dennert originated in the Municipal Court of the City of Cleveland and it was there

that the request for special findings was made. Chief Justice Marshall in writing the opinion made no reference whatever to the applicable statute defining procedure in the Municipal Court of Cleveland. However, in the later case of **Levick v. Bonnell, 137 Oh St 453**, Judge Turner in writing the opinion makes clear the reason why a judge of the Municipal Court of Cleveland is required, upon request, to state conclusions of fact separately from conclusions of law. He directs attention to **§1579-19, paragraph 6, GC** of which provides

"Where no special provision is made in this act, or by rule of court, the provisions of title four, part third, of the General Code shall apply to the practice and procedure of the municipal court; but this section shall not be construed to abridge the powers of the judges in respect thereto granted by this act."

The provisions of the General Code to which reference is specifically made relate to "Procedure in Conduct of the Trial in the Common Pleas Court" which includes **§11421-2 GC.** The same sections were applicable to the case of **Graver v. Trust Co., 20 Oh Ap 233.** The case of **Yetter v. Kleinman, 34 Oh Ap 433** involved the Municipal Court Act of the City of Cincinnati and particularly **§1558-28 GC.**

There is no section of the Code in the Municipal Court Act of the City of Springfield like, or analogous to, the section to which we have referred in the Municipal Court Act of Cleveland. The Cincinnati Municipal Court Act, **§1558-28 GC,** also differs from **§1579-22 GC.**

The section of the Code applicable here is **§1579-22 GC** which provides

"In the actions and proceedings of which the Municipal Court has jurisdiction, all laws conferring jurisdiction upon courts of common pleas, * * *, giving such court or officer power, to hear or determine such causes, prescribing the force and effect of their judgments, orders or decrees, and authorizing and directing the execution or enforcement thereof, shall be held to extend to the Municipal Court, unless inconsistent with this act or plainly inapplicable."

We find nothing in this section which authorizes or requires the Municipal Court of the City of Springfield to follow the procedure set up in **§11421-2 GC** which section relates strictly to trial procedure and not to "jurisdiction" of the courts nor the "force and effect of their judgments," orders and decrees, or the execution and enforcement thereof.

There being no provision of law expressly or impliedly relating **§11421-2 GC** to the Municipal Court of Springfield, we are required to say that the trial judge was correct in refusing

356

to comply with the request for special findings of fact and conclusions of law.

The judgment will be affirmed.

MILLER, PJ, WISEMAN, JJ, concur.