NATIONWIDE MUTUAL INSURANCE COMPANY ET, PLAINTIFFS, v. BALLARD, DEFENDANT.

Common Pleas Court, Clinton County.

No. 18861.   Decided June 30, 1961.

*Mr. Jon C. Hapner*, of *Messrs. Hapner & Hapner*, for plaintiffs.

*Mr. Herman Cartwright,* of *Messrs. Dennis & Cartwright,* formerly *Messrs. Hildebrant, Dennis & Cartwright,* for defendant.

SWAIM, J. This case is now before the Court on Motion of Plaintiffs, filed June 13, 1961, for "the Court to vacate and set aside the judgment entered herein on the 31st day of May, 1961, and grant to these applicants a new trial for the following causes," enumerating six different grounds.

The particular statutes involved in this Motion are:

Section 2321.17, Revised Code. New Trial Defined; Causes for Granting New Trial. A new trial is a re-examination, in the same court, of the issues after a final order, judgment or decree of the court. A final order, judgment or decree shall be vacated and a new trial granted by the trial court on the application of the party aggrieved, for any of the following causes affecting materially his substantial rights: (Here eight types of causes are enumerated) - - - - When a new trial is granted, the court shall specify in writing the causes for which such new trial is granted.

Section 2321.19, Revised Code. Application for New Trial. The application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the trial court in writing and filed with the clerk of the court for journalization, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. If a party was unavoidably prevented from filing an application for a new trial within such time, the court may in the interest of justice extend the time. (This section was formerly Section 11578, General Code.)

Plaintiffs sued for money damages for alleged damage to auto belonging to Plaintiff, Harry L. Smith, the insurance company paying under its $50.00 deductible insurance policy issued to him, and being subrogated to all but $50.00 of the total damage claimed herein; plaintiffs alleged that the property dam-

170

age was caused by acts of the defendant. The defendant filed a general denial, and by cross-petition against Harry L. Smith alone claimed $300.00 for alleged property damage to his auto, claiming the damage was caused by the plaintiff, Harry L. Smith. The plaintiffs filed a reply, of general denial, to the cross-petition.

The case was tried on Tuesday, May 9, 1961, to a jury, which returned a verdict, signed by all twelve jurors, finding against the plaintiffs on their claim against the defendant, and finding in favor of the defendant and cross-petitioner, Virgil Ballard, that there was due "to the Defendant and Cross-Petitioner, Virgil Ballard, from the Plaintiff, Harry L. Smith, the sum of Three Hundred Dollars ($300.00)."

Among the Rules of this Court, is one adopted January 9, 1956, Journal 101, page 205, as to the hearings upon Motions and Demurrers, as follows:

"It is hereby adopted as a rule of this Court that upon the filing of any motion or demurrer, the same shall be assigned for disposition at 9:30 A. M. on the third Wednesday following said filing, as a matter submitted to the court without oral argument, unless the party filing said motion or demurrer shall in writing filed with the same, request oral argument or unless the opposite party shall in writing filed prior to said time fixed for disposition, request oral argument. - - - -

"The assignment commissioner shall lay before the judge of this court all motions and demurrers at the time at which they are assigned submission or hearing."

On the said date of Tuesday, May 9, 1961, a Journal Entry was filed with the Clerk of Courts, as to the trial, the appearance of counsel and parties, the selection and seating of the jury, the statements of counsel, presentation of evidence, the arguments of counsel, the charge of the Court, and a complete copy of the verdict of the Jury. This entry did not contain any judgment entry on the verdict

The statute as to the entry of judgment on verdicts is as follows:

"Section 2323.15, Revised Code: Journal entry of Judgment Approved by Court. When a trial by jury has been had and a verdict rendered, unless the court orders the case reserved

for future argument or consideration, a journal entry of judgment in conformity to the verdict shall be approved by the court in writing and filed with the clerk for journalization.''

Before the Judgment Entry, upon the verdict in favor of the Defendant and Cross-Petitioner, had been prepared and ''approved by the court in writing and filed with the clerk for journalizations,'' counsel for the plaintiffs, on May 10, 1961 (Wednesday), filed a Motion for a New Trial asking ''the Court to vacate and set aside the judgment entered herein on the 9th day of May, 1961, and grant to these applicants a new trial for the following causes,'' enumerating six grounds. At the same time, on said May 10, 1961, counsel for plaintiffs also filed a Motion for ''the Court to vacate the judgment entered herein on the 9th day of May, 1961, in conformity to the verdict of the jury, and to render judgment in favor of these applicants notwithstanding the verdict, for the reason that these applicants are entitled by law to judgment in their favor upon the evidence received at the trial.''

The statutes as to Motions for New Trial have already been quoted, and the two sections relating to Judgment Notwithstanding the Verdict and a Motion for the same are as follows:

''Section 2323.18, Revised Code: Judgment May be Rendered Against Verdict. When, upon the statements in the pleadings or upon the evidence received upon the trial, or both, one party is entitled by law to judgment in his favor, upon motion of such party, filed as provided in Section 2323.181, Revised Code, judgment shall be so rendered by the court although the jury may have failed to reach a verdict or a verdict has been rendered against such party and a judgment entered thereon, and whether or not a motion to direct a verdict has been made or overruled, - - - - When a judgment has been entered upon a verdict, and thereafter a judgment is entered contrary to the verdict under the provisions of this section, the judgment previously entered upon the verdict shall be thereby vacated and set aside. This section applies to any action or proceeding pending in the court on the effective date of this section.'' (125 Ohio Laws, 668, effective October 27, 1953.)

''Section 2323.181, Revised Code. Motion, When Filed. The motion provided for in Section 2323.18, Revised Code (ex-

cept a motion for judgment on the pleadings alone, which shall be made or filed before or during the trial and before the return of a verdict), shall be filed within ten days after the failure of the jury to reach a verdict and its discharge - - - or within ten days after the journal entry of judgment in conformity to the verdict shall have been approved by the court in writing and filed with the clerk for journalization. Such motion may be filed before or after, or simultaneously with the filing of a motion for new trial; and if both of such motions are filed, whether by the same party or by different parties, the motion for judgment provided for in Section 2323.18, Revised Code, shall be first decided by the court. - - - This section applies to any action or proceeding pending in the courts on the effective date of this section." (125 Ohio Laws, 668, effective October 27, 1953.)

The two Motions of the Plaintiffs, filed at the same time, without any oral argument being requested at such time, were submitted to the Court, under its Rule on the third Wednesday thereafter, on May 31, 1961; in the meantime, no judgment entry could be entered on the verdict, due to the pendency of the two Motions.

The filing of each Motion was premature under the statutory time for the filing of the same, that is, within ten days after the approval of the journal entry of judgment by the court in writing, and the filing of the same with the Clerk for journalization. As the same were filed before the time commenced, each was without any effect whatsoever, in law.

As to the nullity of the premature Motion for Judgment Notwithstanding the verdict, see the case of *Housh* v. *Peth et al.*, 99 Ohio App., 485, 59 Ohio Opinions, 135 N. E. (2d), 440 (affirmed in 165 Ohio St., 35, 59 Ohio Opinions, 60, 133 N. E. [2d], 340), decided by Court of Appeals of Montgomery County, Ohio, April 6, 1955, in which the Court says in the syllabus and in the opinion:

"Under Section 2323.181, Revised Code, a motion for judgment notwithstanding the verdict may not be filed until after judgment is entered on the verdict; and, where such motion is filed before judgment is entered on the verdict, it has no legal effect and raises no question for a reviewing court." Paragraph One of the Syllabus.

"The record shows that the verdict was returned on December 1, 1954. The motion for judgment notwithstanding the verdict was filed on December 3, 1954. The motion was overruled December 16, 1954. Judgment on the verdict was entered on December 16, 1954. Thus, it appears that the motion was prematurely filed and had no legal effect. Section 2323.18, Revised Code, provides for the rendering of a judgment notwithstanding the verdict in a proper case - - - This section became effective on October 27, 1953. Under the former sections of the Code, such motion was filed after the verdict and before judgment. Under the present section, the motion may not be filed until after judgment is entered on the verdict. The motion, being prematurely filed, had no legal effect. No motion for new trial was filed." From the opinion.

As to the nullity of the premature Motion for New Trial, see *Thompson* v. *Samuels et al.*, 120 N. E. (2d), 326 (not officially reported in Ohio Appellate Reports), decided by Court of Appeals of Hamilton County, Ohio, March 12, 1951, where the Court in a per Curiam Opinion says:

"The docket and journal entries show that on May 24, 1949, a jury reached a verdict in favor of the plaintiff. On May 27, 1949, a motion for new trial was filed. On June 7, 1949, a judgment was entered on the verdict without any mention of the pendency of the motion for a new trial. Shortly thereafter, Judge Schwab, who had presided at the trial, died. This motion for a new trial, which had been prematurely filed and which had been ignored in the entering of the judgment, came on to be heard before Judge Schneider. - - - Judge Schneider reached the conclusion - - - it was his duty to grant a new trial, and accordingly sustained the motion, and on October 15, 1950, an entry to that effect was spread upon the journal. - - - At no time was Judge Schneider's attention called to the fact that the motion which he was hearing had been prematurely filed. That it was not filed within the time prescribed by statute is clear. By Section 11578, General Code, it is provided that: 'The application for a new trial must be made within ten days *after* the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization,' unless the ground is newly discovered evi-

dence or the party has been unavoidably prevented in which event the court may in the furtherance of justice extend the time. The motion was not filed within the ten day period after the journalization of the judgment. It was filed before that period commenced. Whether it was filed before or after, it is equally clear that it was not filed within the period. - - - We have found no case directly deciding the question presented by this record, and that is, whether a motion for a new trial prematurely filed will prolong the jurisdiction of the court over a judgment thereafter rendered, so as to give validity to an order granting a new trial at a subsequent term of court.

"The members of this court in varying degrees of confidence are unanimously of the opinion that such a motion has no validity or legal effect and should be stricken from the files.

"For these reasons, the order appealed from is reversed and the cause remanded with instructions to strike the motion for a new trial from the files."

The same parties were subsequently again before the court concerning this litigation in *Thompson* v. *Samuels et al.*, 95 Ohio App., 334, 53 Ohio Opinions, 261, appeal dismissed by the Supreme Court of Ohio, in 160 Ohio St., 357, 52 Ohio Opinions, 225, 116 N. E. (2d), 205.

This Court, in its Journal Entry of May 31, 1961, in passing upon the two Motions as so filed on May 10, 1961, found that no judgment had been entered on the verdict on May 9, 1961, that therefore the two Motions were not well taken, and each of the two Motions was then overruled. And thereupon on said date of May 31, 1961, the Court, now being in a position where judgment could be entered on the verdict, as returned on May 9, 1961, by journal entry of judgment in conformity to the verdict "approved by the court in writing and filed with the clerk for journalization" ordered that "the said Virgil Ballard recover from the said Harry L. Smith, the said sum of Three Hundred Dollars ($300.00), together with costs of suit."

And then, thereafter, on June 13, 1961 (Tuesday), more than ten (10) days after the entering of the judgment on the verdict, in favor of the defendant and cross-petitioner, the Plaintiffs, by counsel, filed their Motion for New Trial, which is now before this Court. The same, under the Rule of this Court,

was submitted on the third Wednesday after filing, or on June 28, 1961.

The plaintiffs, by counsel, saw fit to file the Motion for New Trial, although the same has not been necessary for some Appellate Review at the present time, or since October 27, 1949, under the following:

"Section 2321.01, Revised Code. Appellate Review without Motion for New Trial. A motion for new trial is not necessary as a prerequisite to obtain appellate review of the sufficiency or weight of the evidence submitted to the trial court where such evidence to be considered appears as a part of the record filed in the appellate court. This section applies to any action or proceeding pending in the courts on October 27, 1949."

The time for perfecting appeal from a Court of Common Pleas is found in the following:

"Section 2505.07, Revised Code. Time for perfecting appeal. After the journal entry of a final order, judgment or decree has been filed by the court in writing and filed with the clerk for journalization,—the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"(A) Appeals to the supreme court or to courts of appeals or from municipal courts and from probate courts to courts of common pleas, shall be perfected within twenty days.

"When a motion for new trial or motion for judgment under Section 2323.18, Revised Code, is filed by either party within the time provided by Sections 2321.19 and 2323.181, Revised Code, respectively, then the time for perfecting the appeal shall not begin to run, and an appeal shall not be taken, until the entry overruling or sustaining the motion for judgment under Section 2323.18, Revised Code, or the motion for a new trial, if only one of such motions shall have been filed, or overruling or sustaining the last of such motions decided, if motions of both kinds shall have been filed.

"- - -

"(C) In case of the insanity or death of a party after judgment, the court may extend the time for filing the appeal, an additional twenty days.

"This section applies to any action or proceeding pending

in the courts on the effective date of this section." (125 Ohio Laws, 668, Effective October 27, 1953.)

Now the time for perfecting an appeal, without motion for new trial, on the grounds as to sufficiency or weight of the evidence, under Section 2321.01, Revised Code, *supra*, would expire on June 20, 1961, the statutory period of twenty days after the judgment entry of May 31, 1961. And the statutory time for the filing of a Motion for New Trial, upon claimed errors, other than as to the sufficiency or weight of the evidence, would expire on June 10, 1961, under Section 2321.19, supra, Revised Code, unless for some reason the time was extended under that section.

The plaintiffs in their Motion for New Trial claim the following as the grounds for their Motion:

"Errors of law occurring at the trial and excepted to by these parties:

(a) In refusing the special charge requested by plaintiffs' counsel.

(b) The charge of the court in its entirety.

(c) The charge to the jury, in that the Court charged the jury upon reckless operation.

(d) The charge of the court to the jury, in that the court charged the jury upon following too close, which matter was not at issue at the time of the trial.

(e) Failing to permit the jury to have copies of the pleadings and the plaintiff's "Exhibit 1" which was admitted into evidence.

(f) For overruling the motion for judgment notwithstanding the verdict.

Part (f) in the Motion refers to the premature Motion for Judgment Notwithstanding the Verdict, which was found to have been without effect, because of the premature filing. The other grounds, come under the several grounds, under the statute, as to errors of law, and as to which a Motion for New Trial was and is necessary for appellate review.

The plaintiffs do not claim an exception as to the ten day period from judgment within which the Motion for new trial must be filed, "except for the cause of newly discovered evidence material for the party applying, which he could not with rea-

sonable diligence discover and produce at the time." When such ground is alleged, under Section 2321.20, Revised Code, it "must be sustained by affidavits or depositions showing their truth." No such ground, supported by proper affidavits or depositions being alleged, that exception as to the ten day period is without effect here.

Neither did the counsel for plaintiffs, in any way whatsoever, claim under the other exception; he did not claim that he was "unavoidably prevented from filing such an application for a new trial within such time" and that therefore, he was asking that the court "in the furtherance of justice extend the time."

Previously, there was the premature filing of the Motion for Judgment Notwithstanding the Verdict, and also the premature filing of the Motion for a New Trial, neither of which were of any force or effect in law, and each was a nullity. Now we have the late filing of a Motion for a New Trial, some three days after the expiration of the statutory ten days after Judgment entry.

"A party may move for a new trial within the time prescribed by statute. A - - - statute providing that an application for a new trial shall be made within a specified time after the taking of some designated step in the litigation is within the power—of the legislature to enact and is to be liberally construed.—Compliance with statutes—requiring that an application for a new trial shall be made within a specified time after a designated step in the litigation is generally necessary in order to render an application available as a means for obtaining a new trial, such statutes usually being regarded as mandatory. - - - Although the rule is not necessarily applied in jurisdictions wherein the common law power of the court to grant a new trial on its own motion has not been restricted or abrogated by statute or wherein statutes limiting the time are regarded as directory, generally where a motion for a new trial is not filed until after the time therefor has expired, the effect is the same as though no motion were filed at all, and the court is without jurisdiction to sustain or deny the motion on the merits." 66 C. J. S., 342-343-345, New Trial, Sec. 125 (1), (2), (3).

"Except as conferred by some statutory enactment, or per-

haps where the ground of application is error of law, a new trial is not a matter of right, although there may exist cause for new trial, but is a matter addressed to the sound discretion of the trial court, to be granted upon a showing of prejudice to the moving party, when necessary to secure to a litigant a reasonably fair and impartial trial, or to prevent failure of justice, or when it appears to be in the furtherance of justice to do so. There is no inherent right to a new trial.—A right to a new trial which has been conferred by statute is subject to the terms and conditions which have been specified by the statutory enactment. 39 American Jurisprudence, 39, New Trial, Section 13.

The immediate foregoing citations are the general law, and the law of Ohio has been stated to be:

"To invoke the jurisdiction of the Court to entertain a motion for a new trial, the motion must be made within the time allowed by statute, or the statutory time as enlarged by the court." 40 Ohio Jurisprudence (2d), 599, New Trial, Section 87.

The statutes of Ohio, prior to October 11, 1945, and as to cases still then pending, required that a Motion for a New Trial be filed within three days after the verdict of the jury, or of the journalized finding or decision of the Court. The Courts several times passed upon a late filing of such Motion, under that state of the law, as for example:

"A motion for a new trial may or may not be filed by any party involved in the litigation. The privilege of filing same is one which may not be denied, if the motion will serve any useful purpose. - - - By letting its time pass for a motion for a new trial, it has not only barred its right to even file the same, but any claim predicated upon the exercise of such right." *Western Union Telegraph Co.* v. *Dixie Terminal Co.*, 59 Ohio App., 305, on pages 307-308. 13 Ohio Opinions, 91, 17 N. E. (2d), 954. (Motion to certify overruled, October 5, 1938.) Court of Appeals of Hamilton County, Ohio, March 30, 1938.

"A motion for new trial filed more than three days after such finding is filed for journalization in such proceeding pending on October 11, 1945, is ineffective for any purpose." 3rd paragraph of syllabus, *Wainscott* v. *Young*, 81 Ohio App., 21, 36 Ohio Opinions, 339, 49 Ohio Law Abs., 317, 77 N. E. (2d),

102. (Court of Appeals, Hamilton County, Ohio, June 9, 1947.)

As the same Court of Appeals said, in regard to ten day time after judgment for the filing of a Motion for New Trial, in the cited case of *Thompson* v. *Samuels et al.*, 120 N. E. (2d), 326 *supra*:

"The motion was not filed within the ten day period after the journalization of the judgment. - - - Whether it was filed before or after, it is equally clear that it was not filed within the period."

And that Court then said as to the prematurely filed Motion for New Trial:

"—such a motion has no validity or legal effect and should be stricken from the files.—"

The law of Ohio is still that the Motion for a New Trial must be filed within the period fixed by the General Assembly, which is ten days after the judgment entry is signed in writing by the Court and filed with the clerk for journalization, unless the delayed filing if brought within the statutory exceptions.

The plaintiffs here did not bring the delayed filing of this Motion for a New Trial within the statutory exceptions, and therefore the Motion for New Trial, to the judgment of May 31, 1961, as filed on June 13, 1961, is ineffective for any purpose whatever, and has no validity, and no claims can be predicated upon the same. The Court cannot consider the purported Motion for New Trial, as filed by plaintiffs, on June 13, 1961, on its merits. The Court could either strike the purported Motion for a New Trial, as filed herein on June 13, 1961, from the files, or overrule the same, because of the late filing, without considering the same on its merits.

Under the various decisions of the Ohio Courts, this Court will overrule the purported Motion for New Trial, because of the late filing of the same, and the delayed filing date not being brought within the statutory exceptions.

Appropriate Journal Entry to that effect to be filed forthwith.