ALLSTATE INS. CO. ET AL., APPELLEES, *v.* COMBS, APPELLANT.

(No. 2840—Decided June 6, 1964.)

*Mr. James P. Jones*, for appellees.
*Messrs. Bieser, Greer & Landis* and *Mr. Douglas K. Ferguson*, for appellant.

CRAWFORD, J. Plaintiffs, appellees herein, Cecilia Rosselit and Allstate Insurance Company (insurer and partial subrogee of Cecilia Rosselit), recovered a judgment against the defendant, appellant herein, for damages to Cecilia Rosselit's automobile sustained in a collision with an automobile operated by defendant.

The case was presented to the court upon an agreed stipulation of facts. It was stipulated that the drivers of both vehicles were negligent and that the negligence of each proximately contributed to cause the collision and damage; that Cecilia Rosselit was the owner of the damaged automobile; that she was an occupant thereof and that her husband was driving; that she did not direct or control the driver; and that they were returning from a social visit to her parents.

The court entered judgment for the plaintiffs. Such judgment is assigned as error.

Defendant rests his contention upon the decision of the Supreme Court in *Ross* v. *Burgan* (1955), 163 Ohio St., 211, 50 A. L. R. (2d), 1275. That case holds:

"1. Where the owner of a motor vehicle being driven by

another is an occupant thereof, a rebuttable presumption or inference arises that the owner has control over it and that the driver is acting as his agent in operating the vehicle.

"2. In the absence of evidence to rebut such presumption, any negligence of the driver in operating the motor vehicle is imputable to the owner riding therein."

The opinion of the court makes it clear that the *right of control* is determinative. (See page 219.) Hence, the fact that the owner did not direct or control the driver does not affect the agency relationship. Neither this nor any other fact in the case rebuts the presumption.

The principle stated above was recognized by this court in the course of its opinion in *Hursh* v. *Pennsylvania Rd. Co.* (1950), 63 Ohio Law Abs., 353, at p. 354.

Counsel for plaintiffs argues that there must be some business or commercial element involved in order to give rise to the presumption of agency. He cites no authority. Nowhere in the law nor in the definitions of agency do we find such a requirement. However, even if a financial or economic aspect were needed, the ownership of the vehicle would supply it.

The cases cited by plaintiffs have no bearing upon the doctrine of *Ross* v. *Burgan, supra.* The plaintiff in each case was riding in another's vehicle. *Hasbrook* v. *Wingate*, 152 Ohio St., 50, merely considers a family relationship in determining the status of an occupant of another's vehicle as passenger or guest. In *Ward* v. *Barringer*, 123 Ohio St., 565, plaintiff was riding in defendant garage repairman's truck in order to point out plaintiff's previously disabled automobile. The court found an absence of agency upon these wholly different facts.

We find the judgment to be contrary to *Ross* v. *Burgan, supra.* It must, therefore, be reversed.

The facts being stipulated, judgment will be entered for the defendant.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.