CLONCH et al., Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellee.

[Cite as Clonch v. State Farm Mut. Auto. Ins. Co.,
187 Ohio App.3d 570, 2010-Ohio-2252.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–09–031.

Decided May 21, 2010.

Paul E. Hoeffel, for appellants.

Cormac B. DeLaney, for appellee Naquel I. Binder.

---

OSOWIK, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Sandusky Court of Common Pleas, in which the trial court granted summary judgment to appellee, Naquel I. Binder, in an action for damages following a motor vehicle accident. On appeal, appellants, Samantha, Tammy, and Kenneth Clonch, set forth the following two assignments of error:

{¶ 2} "Assignment of Error No. 1

{¶ 3} "The Court erred in entering summary judgment for the Defendant, Binder, where there were genuine questions of material facts shown to exist as to her right to control her vehicle.

{¶ 4} "Assignment of Error No. 2

{¶ 5} "The Court erred in awarding summary judgment where as a matter of law the non moving party established a rebuttable presumption of the Defendant, Naquel Binder's, liability."

{¶ 6} On July 6, 2002, Binder, Binder's daughter, Amanda, her boyfriend, Lancan Holbrook, and Amanda's friend, Samantha Clonch, were involved in an automobile accident while returning to Fremont, Ohio, from King's Island amusement park. It was determined after investigation that the accident had occurred because Holbrook, who was driving a minivan owned by Binder, had failed to stop at a stop sign. As a result of Holbrook's actions, the minivan collided with another vehicle, killing the driver of that vehicle and severely injuring Samantha Clonch, who remains partially paralyzed.

{¶ 7} Samantha and her parents filed a complaint against Holbrook, Binder, and State Farm Mutual Automobile Insurance Company in the Erie County Court of Common Pleas, on October 13, 2006.[1] The complaint sought damages from Holbrook, as the driver of the minivan; Binder, as the vehicle's owner; and State Farm, as the separate insurer of both Holbrook and Binder. Holbrook and Binder answered the complaint on December 8 and December 10, 2006, respectively.

{¶ 8} On January 4, 2007, Holbrook filed a motion to dismiss the complaint, in which he stated that any financial obligations arising from the accident had been discharged in bankruptcy. That same day, Holbrook filed a motion to change venue, in which he argued that Sandusky County, not Erie County, was the proper venue, because both defendants lived in Sandusky County.

{¶ 9} On January 16, 2007, State Farm filed an answer in which it admitted that Binder's insurance policy provided $100,000 in medical coverage per accident. However, State Farm denied coverage under Holbrook's separate policy because he was not driving his own vehicle at the time of the accident. State Farm also asserted that it was not responsible to pay under the liability portion of Binder's policy for damages arising from Holbrook's negligence. On January 30, 2007, the trial court issued a judgment entry in which it granted Holbrook's motion to change venue and ordered the case transferred to Sandusky County.

{¶ 10} Binder filed a motion for summary judgment in the Sandusky Court of Common Pleas on July 16, 2007, in which she asserted that she was not liable for Holbrook's negligence solely by virtue of her status as an owner-passenger in the minivan at the time of the accident. In support, Binder argued that there is no basis on which to impute liability to her because she did not exercise any control over how Holbrook drove the minivan on July 6, 2002. Attached to Binder's

---

1. The Clonches had previously filed a complaint in another county, which was eventually dismissed.

motion was her own affidavit, along with Holbrook's affidavit and a copy of a police report that showed that, at the time of the accident, Holbrook was not under the influence of alcohol or drugs.

{¶ 11} Binder stated in her affidavit that Holbrook drove the minivan with her permission because he was a more experienced driver and because her minivan accommodated more passengers than Holbrook's truck. Binder also stated that she "did not direct the operation of the van by Lancan Holbrook on the trip in any manner." Binder stated that she and Holbrook were not engaged in a business venture of any kind with respect to the minivan or the trip to King's Island. In addition to confirming Binder's statements, Holbrook stated in his affidavit that he has a good driving record as an adult, and the trip to King's Island was for pleasure and was not "business related."

{¶ 12} On July 27, 2007, the trial court denied Holbrook's motion to dismiss. However, the trial court stated that due to the discharge of Holbrook's debts in bankruptcy, any recovery from Holbrook would be limited to insurance benefits.

{¶ 13} On September 10, 2007, State Farm filed a motion for summary judgment, in which it stated that "[b]oth Defendants Holbrook and Binder had automobile liability insurance policies with State Farm Mutual Automobile Insurance Company" at the time of the accident. However, State Farm argued that no benefits are available pursuant to Holbrook's policy, and appellants are entitled to medical and liability benefits, if any, only through Binder's automobile insurance policy. State Farm also argued that appellants' claim that State Farm acted in bad faith by refusing to pay benefits pursuant to Holbrook's policy should be dismissed. Attached to State Farm's motion were copies of Binder's and Holbrook's State Farm policies and the affidavits of Holbrook, Binder, and State Farm insurance agent William Baker.

{¶ 14} On November 13, 2007, the trial court issued a judgment entry in which it found that genuine issues of fact remained as to whether Holbrook's negligence could be attributed to Binder, thereby obligating State Farm to pay additional benefits under Binder's policy. Accordingly, the trial court denied Binder's and State Farm's motions for summary judgment.

{¶ 15} On May 16, 2008, with leave of court, State Farm filed a supplemental motion for summary judgment on the issue of whether appellants were entitled to additional benefits under Holbrook's automobile insurance policy. On June 10, 2008, Binder filed a renewed motion for summary judgment on the issue of whether she had control of the minivan at the time of accident, thereby making her liable for Holbrook's negligence. In support of her motion, Binder relied on her deposition testimony and that of Holbrook, which was not available when Binder filed her previous motions for summary judgment. In his deposition, Holbrook stated that he had driven Binder's vehicle to and from King's Island,

and that he alone had determined the route for the trip, during which Binder did not physically operate the vehicle or control its operation in any way. In her deposition, Binder confirmed Holbrook's statements that he controlled the vehicle. The trial court denied both supplemental motions for summary judgment on July 18, 2008.

{¶ 16} On March 24, 2009, with leave of court, State Farm filed a motion for reconsideration of the trial court's February 24, 2009 judgment entry. On March 26, 2009, Binder filed a separate motion for reconsideration, in which she asked the trial court to revisit the issue of whether she remained in control of her vehicle while it was driven by Holbrook. In support of her argument, Binder once again relied on her own and Holbrook's deposition testimony, in which they both stated that Binder did not drive or direct Holbrook as to how to drive the vehicle.

{¶ 17} On April 20, 2009, appellants filed a motion to strike Binder's motion for reconsideration. In support, appellants argued that the motion was not properly before the trial court because Binder did not ask for or receive permission to file a motion for reconsideration. On May 8, 2009, following a telephone conference call with all parties, the trial court denied appellants' motion to strike.

{¶ 18} On July 23, 2009, the trial court issued a judgment entry in which it found, based on evidence submitted by the parties, "that there are no material facts in dispute; and, construing the material facts most strongly in favor of [appellants,] [Binder] is entitled to judgment as a matter of law." Accordingly, the trial court granted Binder's motion for reconsideration and dismissed that complaint against her. Appellants filed a timely notice of appeal from the trial court's judgment on August 21, 2009.

{¶ 19} In their first assignment of error, appellants assert that the trial court erred by granting summary judgment to Binder because issues of fact remain as to whether she had the right to control the minivan that was driven by Holbrook. In their second assignment of error, appellants assert that the trial court erred by granting summary judgment to Binder because Binder had failed to rebut the presumption that she was liable for damages resulting from Holbrook's negligence. Because appellants' two assignments of error are related, we will address them together.

{¶ 20} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of

the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.  Civ.R. 56(C).

{¶ 21} In support of both assignments of error, appellants rely on *Ross v. Burgan* (1955), 163 Ohio St. 211, 56 O.O. 218, 126 N.E.2d 592, in which the Ohio Supreme Court held:

{¶ 22} "1.  Where the owner of a motor vehicle being driven by another is an occupant thereof, a rebuttable presumption or inference arises that the owner has control over it and that the driver is acting as his agent in operating the vehicle.

{¶ 23} "2.  In the absence of evidence to rebut such presumption, any negligence of the driver in operating the motor vehicle is imputable to the owner riding therein."  Id., syllabus.

{¶ 24} In *Allstate Ins. Co. v. Combs* (1964), 2 Ohio App.2d 17, 31 O.O.2d 38, 206 N.E.2d 36, the Second District Court of Appeals, analyzing *Ross v. Burgan*, 163 Ohio St. 211, 56 O.O. 218, 126 N.E.2d 592, stated that it is the owner-passenger's *right to control* the vehicle, not whether he or she actually controlled it, that ultimately determines whether the driver's negligence should be imputed to the owner-passenger.  Id. at 18, 31 O.O.2d 38, 206 N.E.2d 36.  However, other Ohio appellate courts have addressed both the right to control the vehicle *and* whether the driver was acting as the agent of the owner-passenger.

{¶ 25} For example, in *Tittle v. Maurer* (Oct. 23, 1995), 3d Dist. No. 17–95–5, 1995 WL 641273, the appellate court first addressed the rebuttable presumption that the owner-passenger had the right to control the vehicle, followed by a determination as to whether the parties were engaged in a "joint enterprise" [2] such that the driver was acting as the agent of the owner-passenger.  See also *Collazo v. Myers* (June 25, 1975), 9th Dist. No. 2276, 1975 WL 180607 (after evidence as to whether the owner-passenger had the right to control the driver is introduced, the issue of agency becomes a question of fact to be submitted to the jury); and *Elramahi v. Kovach* (Jan. 27, 1983), 8th Dist. Nos. 44892 and 44897, 1983 WL 5710 (evidence that the owner-passenger had no control over the driver's actions was sufficient to rebut the presumption of an agency relationship, thereby defeating the presumption of liability for the driver's actions).

■ {¶ 26} Upon consideration of the foregoing, we find that in cases where a third party seeks damages from the owner-passenger of a vehicle due to the

---

**2.** In *Tittle v. Maurer*, the appellate court stated that in a negligence action, parties are not engaged in a joint venture " 'unless there is a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto.  Each must have some voice and right to be heard in its control or management.' "  Id., quoting *Shaver v. Shirks Motor Express Corp.* (1955), 163 Ohio St. 484, 492, 56 O.O. 404, 127 N.E.2d 355.

negligence of the driver, it is necessary to analyze whether the owner-passenger had the right to control the vehicle *and* whether the driver was acting as the agent of the owner-passenger. If sufficient evidence is presented to rebut either presumption, an issue of fact arises that must be resolved by a jury.

{¶ 27} In this case, the record shows that at the time of the accident, Binder and Holbrook lived together. Holbrook stated that he had permission to drive Binder's minivan to King's Island, and he had driven the vehicle on other occasions. Binder stated that she did not know what route Holbrook took to King's Island. When asked whether Holbrook generally would follow her directions if she told him how to drive, Binder responded: "Just depends." The record also contains evidence that Holbrook drove Binder's minivan because his pickup truck was not big enough to hold four people.

{¶ 28} Both Holbrook and Binder stated that Binder did not direct Holbrook's driving in any way. Holbrook stated in his deposition that he had his own set of keys for the minivan, and although he sometimes told Binder when he was going to use the vehicle, he did not need her express permission to drive it. When Holbrook was asked if he would stop the minivan at Binder's direction, the following exchange took place:

{¶ 29} "Question: So, again, whatever, wouldn't matter what she requested, you're saying it was totally up to you even though it wasn't your car?

{¶ 30} "Answer: Yeah, it's up to me."

{¶ 31} This court has reviewed the entire record that was before the trial court and, upon consideration thereof, finds that, as a matter of law, a rebuttable presumption arises that Binder had the right to control the minivan and that Holbrook was acting as her agent by driving to and from King's Island on July 6, 2002. We find further that the record contains evidence sufficient to raise genuine issues of material fact as to whether the presumption was rebutted in this case. Accordingly, the trial court erred by granting Binder's motion for reconsideration of summary judgment and dismissing the complaint against her. Appellants' two assignments of error are, therefore, well taken.

{¶ 32} The judgment of the Sandusky Court of Common Pleas is hereby reversed, and the case is remanded to the trial court for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

SINGER and COSME, JJ., concur.